53 So.2d 674

## STATE through DEPARTMENT OF HIGHWAYS v. LAIRD.

No. 39962.

May 28, 1951.

Rehearing Denied June 29, 1951.

Jack L. Simms, D. Ross Banister, W. Crosby Pegues, Jr., Joseph A. Loret, Baton Rouge, for plaintiff-appellant.

Blum & Marchand, George R. Blum, Sidney A. Marchand, Jr., Donaldsonville, for defendant-appellee.

MOISE, Justice.

This is an expropriation suit, in which the sole question before us on appeal is the quantum allowed by the district judge as damages.

The land involved is a quadrilateral parcel of ground located along the Prairieville-Nesser section of the Airline Highway, in the Parish of Ascension. It is the front portion of a strip running from said Highway to the right of way of the Louisiana & Arkansas Railroad, the entire strip having contained prior to the expropriation slightly more than four acres. This front portion, which contains 0.813 acres, measures 294.36 feet front on the present right of way of the Highway (its eastern boundary); 283.43 feet in width in the rear (its western boundary); 147.62 feet on its southern boundary; and 141.83 feet on its northern boundary. This portion of ground is required for the purpose of converting the present single concrete strip into two concrete strips, each 24 feet wide, separated by a neutral ground 43 feet wide, with two service or frontage roads each about 20 feet wide, one along each edge of the right of way.

At the time expropriation proceedings were instituted (June 4, 1947,) the 4-acre strip, from which the portion involved is being taken, was owned by A. Brince Laird. On August 5, 1948, Laird sold the entire tract to defendant, Henry D. Habert, by authentic act before C. V. St. Amant, Notary Public, registered in Book 88, folio 315, Conveyance Records of the Parish of Ascension. Although a jury of freeholders was originally impanelled to assess the damages to be awarded the landowner, the trial was continued indefinitely; and in the meantime Act 325 of 1948 became effective, which abolished juries in expropriation cases. The judgment rendered by the trial court dismissed the suit as to Laird and granted Habert $2,605 by way of damages, itemized as follows:

$ 813.00 for the land expropriated, on the basis of a valuation at $1,000 per acre;

400.00 for cost of removing the dwelling located on the ex-

propriated portion of the 4-acre strip to the rear portion of that strip, and filling or elevating said rear portion;

100.00 for building a new front fence;

300.00 for removing and reconstructing garage;

42.00 for building another driveway to butane tank and reconstructed garage;

200.00 for building two bridges across the ditch between the relocated right of way and the balance of defendant's property;

750.00 for consequential damages.

_____

$2,605.00 Total

Appellant urges that the amount of this award should be reduced to $743.90, on the following grounds: (1) That the land should have been valued at $300 per acre, or $243.90 for the 0.813 acre expropriated; (2) That since defendant Habert had been notified that the suit was pending before he constructed the garage, he is not entitled to recover its value; (3) That Habert failed to prove with certainty the pecuniary amount required to construct the driveway and the two bridges, the trial court accepting his unsupported estimates, but that even if the amount were proven as to the bridges, he should not be permitted to recover for the bridge built by him notwithstanding notification of the pendency of expropria-

tion proceedings, but only for the bridge in place at the time proceedings were instituted; (4) That the allowance of $750 for consequential damages is not substantiated by the contemplated change in plan of the highway.

Appellant acquiesces in the award of $400 for removing the dwelling; extending and connecting (and making any rearrangements necessary) the electrical wiring, the water pipes and the butane system, including the removal of the tank; the rearranging of the cross fence on the property; and whatever moving and rearranging of the other buildings of appellee that may be necessary, with the exception of the garage aforesaid.

In connection with the valuation placed on the land, it is to be noted that the consideration for the entire 4-acre strip, including the dwelling situated thereon, in the sale from Laird to Habert on August 5, 1948, was $1,800. Appellee Habert testified that he valued his dwelling at $1,000; the three real estate brokers whom appellant placed on the stand valued it at $950. These valuations would indicate that the consideration for the land (4-acre strip) at the time of Habert's purchase was either $800 or $850, depending on whose testimony we accept. The only basis for a valuation of $1,000 is the testimony of another landowner, Joseph Burleson Landry, that he had been offered more than that amount by the Highway Department for his land; however, the evidence shows that there

was a "growing business" on the Landry property consisting of a filling station, restaurant and barroom, and we do not find the situations analogous. On the trial of this matter, defendant-appellee introduced in evidence two right of way deeds covering property in this vicinity, in one of which the Highway Department had paid $250 for 0.329 acres (deed from Florence Emma Broussard and Ed Broussard, June 3, 1947, Conveyance Book 88, folio 544) and $2,000 for 1.557 acres (deed from Aurelius Hebert, December 20, 1948, Conveyance Book 89, folio 162.) The testimony of Mr. Paul Lirette, Right of Way Engineer for the Department of Highways, developed the fact that the Broussard expropriation involved a projected intersection of highways and resulted in cutting off access from the remaining portion of the property to both highways. With regard to the Aurelius Hebert expropriation, his evidence shows that the same three real estate men, Messrs. William Kleinbert, Bradley C. Mittendorf, and C. J. Brown, who have evaluated appellee Habert's land at $300 per acre, appraised the Aurelius Hebert property at $1,600 for the two tracts expropriated (0.475A plus 1.082A); that the small tract, located on the South side of the Highway, was expropriated in its entirety, leaving the landowner nothing on that side. Mr. Lirette further testified that "we were able to compromise by increasing the appraised value by 25%." Weighing all this evidence, we feel justified in decreasing the portion of the judg-

ment appealed from, which bears on the value of the land, from $813 to $243.90 as prayed for by appellant.

■ Although the record is not clear on whether Habert knew of the pendency of these proceedings at the time he purchased the property, he himself admitted that he knew of them on the day he signed the act of sale, though subsequent to the signing. This knowledge, together with the warning given him by the Highway Department representatives when he began construction of his new garage, certainly bars recovery for removing and reconstructing the same and for rebuilding his driveway. These two items ($300 and $42) will therefore be disallowed.

■ The record further discloses (testimony of Mr. Paul Lirette, Tr. pp. 98 ff.) that both of appellee's bridges, which are located on the present right of way, will remain in place "until such time as additional highway facilities are constructed to the southerly side of the existing concrete pavement"; that "when the Southerly main traffic line is constructed, such approaches will be adjusted by the Department to provide connections to said main traffic roadway, and when a frontage or service road is constructed to the southerly side of the said southerly main roadway, the approaches will again be adjusted by the Department to provide access to the frontage or service road"; that all adjustments will be made at the Highway Department's expense; that the wooden bridge will be re-

placed by 18-inch culvert pipe, at the Department's expense. We will therefore amend that portion of the judgment appealed relating to the two bridges by allowing the cost of re-building one bridge, namely, $100.

■ The consequential damages allowed by the judge a quo related to appellee's anticipated loss of business because of the proposed changes in the highway, necessitating the removal of his auto repair shop to a point which, temporarily at least, will be at a greater distance from the concrete highway. The rule as stated in Shreveport Laundries v. Red Iron Drilling Co., La. App., 192 So. 895, 898, is that profits recoverable in tort cases are limited to probable, as distinguished from possible, profits, and the loss must be proved with reasonable certainty. Without considering the application of this principle to the facts in the instant case, we hold that appellee's admission that he had built the shop after his purchase, and therefore, after he had received knowledge of the pendency of these proceedings, together with his failure to prove the income of this shop, answers his own contention adversely. The consequential damages, not being proven, cannot be allowed.

For the reasons assigned, the judgment appealed from is amended by decreasing the award to appellee to $843.90, and as thus amended, is affirmed, each side to bear its own costs.