HAWTHORNE, Justice.
 

 Mrs. Annie Laurie Roumain Moody, wife of Thomas Franklin Moody, died on February 22, 1953. She left an olographic will dated January 3, 1953, in which she made her husband universal legatee. The present suit was instituted by Benjamin F. Roumain to have decreed null and void both this will of January 3, 1953, which had been admitted to probate, and an earlier olographic will left by the deceased dated November 1, 1952, in which her surviving husband was also made universal legatee. The ground on which Roumain attacked these wills was that the testatrix lacked testamentary capacity at the time she wrote them. After trial on the merits there was judgment which, among other things, dismissed plaintiff’s suit, recognized the will of January 3, 1953, to be the valid last will and testament of the decedent, and recognized her husband, Thomas Franklin -Moody,- as the universal legatee and sole testamentary heir of the deceased, entitled as such to possession of her property. From this judgment plaintiff appealed.
 

 In the trial judge’s reasons for judgment he informs us that plaintiff failed to prove that Mrs. Moody was without testamentary capacity, and that, on the contrary, the evidence introduced at the trial showed conclusively that she did have such capacity. Appellant in argument before this court does not take issue with the trial judge’s conclusion that he did not prove that the decedent lacked testamentary capacity. In fact, he concedes that he has not proven testamentary incapacity but urges this court to reverse the judgment and remand the case to the district court for further proceedings, contending that the trial judge erred in numerous rulings made during the course of the trial in the court below and that these erroneous rulings prevented his obtaining and presenting evidence which would have proven his case. The principal errors of which appellant complains are, first, the refusal of the trial judge to permit him to cross-examine certain servants of the deceased Mrs. Moody, and, second, the denial of his motion to exhume the body of Mrs. Moody so that an autopsy could be performed on the deceased and an examination of her brain tissues could be made to determine whether she had paresis at the time she made the two wills.
 

 In support of his first contention appellant relies on the provisions of R.S. 13 :3663. That statute provides that a party litigant shall be entitled to cross-ex
 
 *614
 
 amine his opponent and also, among others, “ * * * the particular agent * ■ * * of such individual * * * having or having had knowledge * * * of the matter in question * * The persons whom appellant sought to cross-examine under the provisions of this statute were domestic servants of the decedent, her household employees and a yardman. We do not think these employees come within the contemplation of the statute because household servants or a yardman certainly cannot be classified as “particular agents having knowledge of the matter in question”. Counsel for appellant seems to be of the opinion that this statute gives to him the right to cross-examine any employees of his opponent solely by virtue of the fact that they are employees. It was never the intention of the Legislature in adopting this statute to permit the cross-examination of all employees of a litigant merely because of the fact that they are his employees. If appellant were correct in this contention, a plaintiff suing a real estate agent for the return of a deposit would be able to call under cross-examination the household or domestic employees of the defendant or the janitor in his office. Certainly these individuals cannot be classified or designated as “particular agents having knowledge of the matter in question”.
 

 There is also no question that the trial judge correctly denied appellant’s motion to exhume the body of Mrs. Moody for an autopsy. 'This motion was filed after the trial had been in progress for over a month, and at that time there was no testimony from any doctor or other medical expert or any other person tending to show that the deceased did not possess testamentary capacity or even that she had paresis. In fact, from the record of the entire trial there is no evidence whatever which would have justified the judge in ordering the autopsy. In overruling the motion the trial judge pointed out that “there has not been one scintilla of evidence to suggest that such a procedure would be justified or that the result of such an examination would be helpful to the Court in the determination of the issues involved herein”. It appears to us that counsel for appellant was simply on a fishing expedition, and that there was no basis or justification for an autopsy.
 

 Moreover, even if the motion had been granted and an autopsy had showed that the deceased had paresis at the time of her death, this fact alone would not prove that she did not have testamentary capacity. As pointed out by this court in McCarty v. Trichel, 217 La. 444, 46 So.2d 621, a case in which the testatrix did have paresis, the true test of testamentary capacity is whether at the time of making the will the testator is of sufficient mind to understand the nature of the testamentary acts and appreciate their effects. See also Kingsbury v. Whitaker, 32 La.Ann. 1055; Succession of Bey, 46 La.Ann. 773, 15 So. 297, 24
 
 *616
 
 L.R.A. 577. As we pointed out above, there is overwhelming lay and medical evidence that the testatrix in the instant case was sane and normal during her entire life, and that she possessed testamentary capacity at the time she made her wills and understood the nature and effects of the testamentary acts.
 

 Appellant set out in brief numerous other allegedly erroneous rulings of the judge but did not argue them orally before this court, stating that he relied for a reversal of the judgment on the two issues which we have discussed above. Nevertheless we have examined the rulings of the trial judge of which appellant complains in his brief, and find in each instance that the judge ruled correctly and that appellant’s contentions are without merit.
 

 The voluminous record in this case shows that the trial judge was extremely patient with counsel for the plaintiff and gave him great latitude in his efforts to prove his case. Even under these circumstances, however, plaintiff failed to prove the allegations or charges made in his petition, and we are convinced that there is no foundation whatever for his suit.
 

 The judgment appealed from is affirmed, appellant to pay all costs.
 

 PONDER; J.,,absent.