FOURNET, Chief Justice.
 

 Benjamin F. Roumain having dismissed his suit to have his niece’s will set aside on grounds of forgery and insanity, at his (plaintiff’s) cost, the defendant named therein, Thomas Franklin Moody, universal legatee under the will, sought to have various expenses incurred by him preparatory to the trial of the case fixed as costs, among which were expert witness fees paid three medical doctors and a handwriting expert whose depositions were taken; the notarial fee and reporting costs in connection with the taking of said depositions; services rendered by Hannis T. Bourgeois, C.P.A., pursuant to order of the Court; and a long distance telephone call from Baton Rouge to New York City. In his answer denying liability the plaintiff contended that in as much as the several depositions had not been used in the trial of the case, neither the fees of the witnesses nor the costs incurred in taking the depositions could be fixed as costs in view of the provisions of LSA-R.S. 13:4533, and in any event they are excessive; that much of Bourgeois’ work was not ordered by the Court, and that the amount charged by him was excessive. The trial judge rendered judgment allowing all of the above items, in these amounts: $150 for each of the three doctors, $1,000 for the handwriting expert, $257.01 for the notarial fee, $153.45 for reporting costs, $1,050 to Hannis T. Bourgeois for his services, and $5.20 for the long distance telephone call — a total of $2,915.66. From that judgment Roumain has appealed, and Moody has answered the appeal, asking that the sum allowed for Bourgeois’ services be increased to the full amount of his charge, $3,143.75.
 

 Counsel for the plaintiff is still contending, primarily, that LSA-R.S. 13:4533 requires that depositions, to be chargeable as costs, must be “used on the trial,” which disposes of the first four items listed above ; additional arguments as to those amounts are that (1) the testimony of the doctors was mainly in connection with medical facts concerning the last illness of the deceased for which they were not entitled to any fee, and, in any event, the fees allowed them as well as that allowed the Notary for presiding at the taking of the depositions are excessive; (2) the handwriting expert’s fee is excessive and, in fact, should not be allowed at all since he was employed and did practically all of his work before suit was filed; (3) Bourgeois’ only duty under the Court’s order was to furnish to
 
 *35
 
 another accountant certain books recording private business transactions of the decedent and the defendant, and the fee allowed him is excessive; (4) there is no statutory authority for fixing as a cost the long distance telephone call.
 

 We think that counsel for the plaintiff is in error in his contention that the costs of taking the depositions of the several experts and the expenses in connection therewith are not taxable as costs because the depositions were not used on the trial. In the first place, an analysis of the statute on which he relies does not support plaintiff’s construction. LSA-R.S. 13:4533 provides “The costs of the clerk, sheriff, witness’ fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs.” The phrase “used on the trial” applies to “copies of acts” and clearly does not modify nor affect “costs of the clerk,” “sheriff,” “witness fees,” or “costs of taking depositions.” In the next place, the use of the depositions was foreclosed by plaintiff’s action in dismissing his own suit (which was done over defendant’s objection) to avoid going to trial on the merits on the date fixed — the following day.
 

 Counsel’s next contention, that the fees of the doctors cannot be taxed as expert fees because they testified to medical facts, is clearly without merit, for a perusal of their depositions shows not only that they gave expert testimony, but also that the many facts concerning the illness of the deceased which are found in the testimony appear solely because of counsel’s lengthy cross examination of the witnesses, lasting several hours. As to the fee of the handwriting expert, it is not claimed that the amount of $250 per day is an excessive per diem fee, but rather that the fee should have been allowed for one day only, the day on which the expert testified — citing no authority in support. While the fees of these experts and the fee of the notary for his services appear at first glance to be somewhat high, we are not disposed to disturb the amounts fixed by the trial judge in this case under its facts.
 

 The appointment of Hannis T. Bourgeois was made while the case was pending, when the trial judge issued his Order naming Bourgeois to supervise the work of Erwin A. LaRose, a certified public accountant of plaintiff’s choice, in La-Rose’s inspection and copying of books and records, to be made available in Bourgeois’ accounting offices, affecting income and expenditures of the defendant and his deceased wife over a period of some 12 years prior to her death. To facilitate this work Bourgeois devoted his time and that of several employees to making an analysis of the data so that any report called for by La-Rose could be readily produced. While the trial judge did not question that the work had been helpful, he interpreted his own order as not having contemplated such service and reduced the amount charged by Bourgeois to a sum representing compensation for the time actually spent by Bour
 
 *37
 
 geois with LaRose. Plaintiff argues that the amount allowed is excessive; the defendant, that it should be increased; but in our opinion, when considered in the light of the responsibility placed upon Bourgeois and the value of his time, $150 a day is a fair award, and in view of the trial judge having construed his own order as not contemplating much of the service rendered by Bourgeois, we do not feel disposed to increase the amount.
 

 As to the telephone call to New York, we think the trial judge was well within the discretion given him in LSA-R.S. 13:4533, supra, in allowing that charge.
 

 For the reasons assigned, the judgment appealed from is affirmed.