HERGET, Judge
(dissenting).
Following trial on rules nisi seeking judgments fixing fees and costs and taxing *678 same, the Trial Court rendered judgment ordering that said rules be made absolute to the extent of fixing the following fees and costs: (1) the fee of George Rice, an expert witness for the East Baton Rouge Parish School Board, was fixed at $500; (2) the fee of Sam Dupree, an expert witness for Ross E. Cox, was fixed at $150; and (3) the Clerk of Court and Sheriff’s costs were fixed at $492.58. The Court taxed these fees and costs, including the costs of these rules, and assessed the payment thereof in the proportion of one-third to each:
(a) Ross E. Cox and Fidelity Deposit Company of Maryland;
(b) Miller, Smith and Champagne, and Lloyds of London; and
(c) William F. Bernhard, Hartford Accident and Indemnity Company and American Automobile Insurance Company. From this judgment all litigants appealed.
Litigation was initiated by Cox against the East Baton Rouge Parish School Board seeking recovery of an alleged balance due on a contract to build a school for the East Baton Rouge Parish School Board. The other litigants became parties by being made defendants or by being interpleaded. Subsequent to the institution of the suit and interpleadings, the litigation was compromised and an agreement by all parties, reduced to writing, was offered on the trial of these rules. The pertinent provisions relating to the issues herein involved are as follows:
“9. All Court costs in the above numbered and entitled cause shall be taxed by the Court on proper application by any parties litigant in said cause, and said costs shall be taxed against such parties as would have been liable just the same as though this case had been tried and judgment had been rendered herein in the amounts and in favor of the parties receiving such amounts and against the parties paying such amounts as set forth herein; * # ‡. ff
The statutory law determinative of the issues raised is found in LSA-R.S. 13:-3666, the pertinent part being:
“A. Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required.
“B. The court shall determine the amount of the fees of said expert witnesses which are to be taxed as costs to be paid by the party cast in judgment either: * * *
and in LSA-R.S. 13 :4533, reading:
“The costs of the clerk, sheriff, witness’ fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs.”
From a reading of the statute relating to taxing as costs the fees of experts, it is apparent dual requirements were enacted to make such properly chargeable as costs. (1) It is essential the person be qualified as an expert in the category for which he is called; and (2) that the expert opinion be stated. While the charges incurred by the expert in studying, examining or preparing exhibits essential to stating his expert testimony may be considered by the Court in fixing the expert’s fee and taxing same as costs, the statute unambiguously requires the witness to testify, or state the result of his finding, whether same be by deposition or in court. Thus, the fee charged by an expert to be taxed must relate to his time and costs incurred in the preparation of and stating his expert opinion. No allowance is provided for such services rendered by one to assist another in the preparation of a suit or defenses.
*679 The rule filed by the East Baton Rouge Parish School Board seeks to have charges of $5,808 billed to it by Mr. George P. Rice recognized in toto and taxed as costs. Mr. Rice’s qualifications as a consulting engineer were offered in evidence in the form of two pages of printed matter which show since the date of organization (April 1, 1929, George P. Rice Consulting Engineer) he had been engaged in many projects involving millions of dollars as a consultant in construction work. There was offered in evidence by the School Board an explanation by George P. Rice of the charges together with the bill to the East Baton Rouge Parish School Board, as follows:
“Re: Robert E. Lee Junior-Senior High School Ross E. Cox vs. East Baton Rouge Parish School Board, et al. — Suit No. 76,883
“To Professional Services rendered on account of referenced matter, through September 30,1961
“Office personnel — 295 hours, plus 100% overhead-$ 2,531.66
“G.P.R. in Baton Rouge, La., 10 days @ $150.00 /day- 1,500.00
“G.P.R. time in N.O. office on studies, calculations & report @ $100.00 /day_-_ 1,100.00
“Transportation — 12-1/2 trips @ 100 per mile- 243.60
“Long distance telephone costs- 23.81
“Blue Print costs- 13.92
“Payments to Others (per below and attached statements paid) - 396.97**
“Total $ 5,809.96
“** Payment to Others
Baton Rouge State Times $ 2.25
LSU Library 1.10
U. S. Weather Bureau 2.80
Haag and Trammell 10.82
Brown & Butler 380,00
$ 396.97”
The School Board offered no evidence of the nature of the contract of employment of Mr. Rice other than his testimony taken on the rule to fix his charges and tax same as cost and I quote from the evidence extracts of his testimony:
“REDIRECT EXAMINATION
“BY MR. STEWART:
“Q Mr. Rice, you at all times knew that you were hired to testify in this court on this particular case, did you not?
“A Yes, sir.
‘Q And is that the reason you made this report and investigation?
'A Would you mind repeating that again ?
'Q You at all times from the time of your employment and prior thereto knew that you were being hired solely for the purpose of testifying in this case, did you not?
"A No, I wouldn’t put it that way. I was engaged to investigate and make a report.
*680 “Q To testify in the case?
“A I don’t recall if that was men- ' tioned or not. I wouldn’t remember.
“Q You knew that you were going to testify, didn’t you?
“A I usually am, yes.
“Q Is there any question in your mind that you were hired here to testify?
“A I wouldn’t say that that was specifically mentioned. I don’t remember if it was. (Emphasis mine).
“BY THE COURT:
“Q Like you said before, you were to make an objective finding of the cause of the tragic effects of that flooding out there without regard to who caused it?
“A That is correct.
“Q Is that what you told me ?
“A Yes.
* * * * * *
“BY MR. HARDIN:
“Q Mr. Rice, would it be correct to say that irrespective of whether there was a lawsuit pending or not, irrespective of whether you expected to testify or did testify or not, the work that you did and the report that you rendered would have been helpful or beneficial to the School Board to assist them in remedying what they thought was an unsatisfactory situation?
“A I would say that that would probably be so, but that was not the basis of my engagement or my agreement to undertake the investigation and report.”
From this testimony I am unable to conclude Mr. Rice’s employment by the School Board was for the purpose of testifying as an expert and, in fact, he himself related no mention was made of his employment for that purpose.
In the Stipulation from which I quoted supra, the parties agreed to have the court costs taxed but no stipulation was entered into reserving the right to have fees of individuals who had been employed as experts but who did not testify either in court or by deposition taxed as costs.
In Succession of Franz, 242 La. 875, 139 So.2d 216, in interpreting LSA-R.S. 13 :- 4533 the Supreme Court of this State concluded in fixing the fees of experts and costs of depositions in connection therewith and taxing such at the loser’s cost, it is essential such depositions be used on the trial of the cause. Succession of Moody, 229 La. 30, 85 So.2d 20, was distinguished. Therein the Court rejected the contention of the unsuccessful litigant that costs of depositions were not taxable when not used on the trial of the cause upon the Court’s finding the litigant himself prevented use thereof by voluntary dismissal of his suit. Counsel for the School Board relies on our decision in East Baton Rouge Parish School Board v. Ford, La.App., 76 So.2d 20, wherein this Court allowed the fee of an expert appraiser who did not testify to be taxed as costs upon its finding the parties involved, by stipulation, reserved the right to claim the costs of appraisers’ fees in an expropriation suit where the suit was dismissed following a meeting between the School Board and the appraisers whose fees as experts were to be taxed as costs, concluding the Board was estopped from resisting the taxation of such charges as costs.
In this case no showing was made nor does the evidence reflect the compromise of the suit resulted from the utilization of Mr. Rice’s report; nor was there evidence any deposition of Mr. Rice was prepared for use on the trial of the cause and the use thereof made unnecessary by the voluntary dismissal of the suit.
*681 Similarly, no testimony was given by Mr. 'Sam G. Dupree or Mr. Toxie Craft, the other experts called by movers, and, accordingly, such fees in my opinion cannot properly be taxed as costs.
The School Board seeks to have taxed as costs the total bill of Mr. George P. Rice. The itemization of the bill has been quoted supra. In arriving at the fee of $500, which the Trial Court fixed as the expert fee of Mr. Rice, that Court very frankly stated:
“* * * However, insofar as Mr. Rice is concerned, the Court would have to be naive to conclude that his employment and a portion of his preparation was not for the purpose of being called as an expert witness, notwithstanding his testimony seemingly to the contrary. * * * ” (Emphasis mine.)
(The only witness called by the School Board in support of its claim was Mr. Rice.)
On the trial of the rule no effort was made whatever on the part of counsel for the School Board to attribute any particular portion of the bill to time or cost essential to preparation for the giving of testimony by Mr. Rice whether by deposition or on the trial of the case. Counsel for the School Board maintains, the entirety of the bill should be accepted and taxed as the expert fee of Mr. Rice. There is not one whit of evidence any portion of the bill was, by Mr. Rice, allocated to charges to be made by him for his expert opinion in testifying. In fact, as is evident from his own testimony, none of such charges by him were initially made for expert testimony as he was never employed by the School Board to testify as an expert in the suit. Far from showing the services of Mr. Rice were incurred for the purpose of testifying as an expert, the evidence, in my opinion, affirmatively establishes Mr. Rice’s services were secured properly, I believe, by counsel for the School Board to assist in the preparation of its defense to the suit against it and of its reconventional demands, which services are admittedly not costs for which the adversary may be charged. The fixation of the judgment by , the Trial Court and by the majority of this Court of the expert fee of Mr. Rice is therefore not predicated upon the evidence, but, as frankly stated by the Trial Court, upon disavowal of naivete.
The other costs involved relate to the costs of the Sheriff and the Clerk of the Court, which total $492.58. It is the contention of counsel for all parties opposed to the School Board, under the stipulation entered into the School Board was a substantial loser in the litigation and the School Board being a political subdivision of the State, under LSA-R.S. 13:4521 is not required to pay costs. Under the decision of Westwego Canal & T. Co. v. Louisiana Highway Commission, 200 La. 990, 9 So.2d 389, a public body is not exonerated from being cast for the other party’s costs when it is the loser but the statute relieves such body from the payment of costs due by it, and inasmuch as $108.25 of the $492.58 represented costs incurred by the School Board and the School Board was a substantial loser in the litigation, the other parties should only be taxed with the remaining $384.33.
Under LSA-C.C.P. Article 2164 providing :
“The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.”
this Court may assess costs in its discretion. From a review of the litigation I am of the opinion same should be prorated one-third to the parties as found by the Trial Court.
For these reasons I am of the opinion the judgment of the Trial Court should *682 be amended and affirmed insofar as the fixing of the Clerk of Court and Sheriff’s costs are concerned at $384.33 and taxing same as costs together with the costs of these rules and together with the costs of this Court in the proportion of an undivided one-third thereof to each against (a) Ross (E. Cox and Fidelity & Deposit Company of Maryland; (b) Miller, Smith and Champagne, and Lloyds of London; and (3) William F. Bernhard, Hartford Accident & Indemnity Company and American Automobile Insurance Company; and otherwise the judgment of the District Court should be reversed.
I respectfully dissent.