FRUGÉ, Judge.
Plaintiff, Doug Ashy Lumber, Inc., instituted suit against defendants Leroy Ducharme and J. Minos Simon, alleging and seeking enforcement of a lien for materials on a house owned by defendant J. Minos Simon on which defendant Ducharme had constructed improvements. Defendant J. Minos Simon, by «conventional demand, sought damages from plaintiff for slander of title.
By judgment of January 28, 1965, the «conventional demand was dismissed as of nonsuit on defendant’s own motion. The judgment dismissing the reconventional demand did not assess any costs against defendant Simon.
On February 4, 1965, on joint motion of .attorneys for plaintiff Doug Ashy Lumber, Inc., and defendant Leroy Ducharme, plaintiff’s suit was dismissed with prejudice, the suit having been compromised. The signed judgment dismissing plaintiff’s suit held in abeyance the assessment of costs. On March 1, 1965, by a minute entry initialed by the trial judge, costs were assessed 85% to plaintiff and 15% to the defendant J. Minos Simon. By minute entry of March 5, 1965, the March 1st judgment was amended, assessing 85% of the costs to defendant Leroy Ducharme rather than to plaintiff. The second minute entry was also initialed by the trial judge.
It is from the assessment of 15% of the costs that defendant J. Minos Simon now appeals. A motion to dismiss the appeal was filed by counsel for Doug Ashy Lumber, Inc. and Leroy Ducharme alleging that the trial record contained no signed judgment from which an appeal could be taken.
A complete trial record was not lodged in this court, the appellant having designated specific portions to constitute the appellate record in the lower court under authority of Louisiana C.C.P. Art. 2128. Appellees in this court moved to supplement the record so that they might show that there was no signed judgment from which an appeal could be taken and that no formal notice of judgment had been received by their attorneys. Assuming the facts as to these two issues most favorable to the appellees as presented in their appellate briefs, we do not see any necessity in granting their motion to supplement the record.
We find that the record does contain a judgment from which an appeal can be taken. The judgment of February 4, 1965, dismissing plaintiff’s suit and holding the issue of costs in abeyance contained all the requisite formalities. The minute entry judgments initialed by the trial judge disposing of the issue of costs were incidental to the judgment of February 4, 1965. As an incident of that judgment, we think the issue is now properly before this court.
As to appellees’ contention that formal notice was not received by them of the rendering of the judgment for costs, we note in their supplemental brief counsel has conceded that copies of the minute entries were received by them. We do not see how appellees have been prejudiced by *184 any lack of formality there may have been in the notices received. We therefore deny appellees’ motion to supplement the record as being unnecessary to a determination of this contention and further deny the motion to dismiss the appeak
 On oral argument, the court’s attention was directed to the constitutional limitation of the courts of appeal jurisdiction to matters involving more than $100.00. Louisiana Constitution Art. 7, Sec. 29. The record, however, does not reveal the amount of costs to be assessed. The courts of appeal must accept jurisdiction where the record does not negate the presence of such jurisdictional facts. Gaylord Container Corp. v. Stilley, La.App. 1st Cir., 79 So.2d 109; Lusco v. McNeese, La.App. 1st Cir., 86 So.2d 226. There being no showing that there is at issue only $100.00 or less, this court has jurisdiction over the matter.
We now turn to a consideration of the merits of this controversy. It is our view that the trial judge erred in assessing a portion of the costs to the defendant J. Minos Simon. Defendant Simon’s recon-ventional demand was dismissed without assessment of any costs by the judgment of January 28, 1965, and no appeal was taken therefrom. That judgment is therefore final. Mr. Simon was not a party to the compromise agreement which resulted in the plaintiff’s voluntary dismissal of its suit. Under these facts we see absolutely no basis for an assessment against Mr. Simon of a portion of the costs arising from the institution of plaintiffs suit.
It is therefore ordered, adjudged and decreed that the judgment of the district court, insofar as it assesses 15% of the costs against J. Minos Simon, is hereby reversed.
Reversed and rendered.