SAVOY, Judge.
Plaintiff, Doug Ashy Lumber, Inc., instituted suit against defendants, Leroy Du-charme and J. Minos Simon, alleging and seeking enforcement of a lien for materials on a house owned by J. Minos Simon, on which Leroy Ducharme, as contractor, had constructed improvements. Defendant, Simon, by reconventional .demand, sought damages from plaintiff for slander of title.
After plaintiff amended its original petition, the reconventional demand was dismissed as of non-suit on the motion of defendant, Simon, by judgment dated January 28, 1965. This judgment of dismissal did not assess any costs against defendant, Simon. There was no appeal from this judgment, and it has now become final.
On February 1, 1965, defendant, Simon, filed a supplemental and amended answer to plaintiff’s petition alleging a fraudulent conspiracy between plaintiff, Doug Ashy Lumber, Inc., and defendant, Leroy Du-charme.
On February 4, 1965, the date the case was set for hearing on the merits, on joint motion of attorneys for plaintiff, Doug Ashy Lumber, Inc., and defendant, Leroy Ducharme, plaintiff’s suit was dismissed with prejudice. This judgment of dismissal held in abeyance the assessment of costs. In due course, the district court assessed 15% of all costs against defendant, Simon, who appealed to this Court. In the case as reported at La.App., 177 So.2d 182, we reversed the district court and held that since Mr. Simon was not a party to the compromise agreement which resulted in the plaintiff’s voluntary dismissal of its suit, there was no basis for an assessment against defendant, Simon, of a portion of the costs arising from the institution of plaintiff’s suit.
Defendant, Simon, filed a rule against plaintiff and/or defendant, Ducharme, to determine whether or not the costs of obtaining the services of an expert witness, and the expenses of taking certain depositions should not he taxed as costs of court. The district court rendered judgment against defendant, Simon, who has prosecuted an appeal to this Court.
Defendant-appellant, J. Minos Simon» contends that the district court erred in not taxing as costs the expenses incurred', for the expert witness and the depositions, inasmuch as the plaintiff dismissed the suit with full prejudice on the date of the trial.
Plaintiff-appellee, Doug Ashy Lumber,. Inc., and defendant-appellee, Leroy Du-charme, maintain that the' proof submitted at the trial of the rule was insufficient to-show that the costs of taking the depositions were allowable under the terms of LSA-R.S. 13:4533 as (1) the depositions, were not “used on the trial”; (2) there was no proof that these depositions would have been used at the trial; and (3) the depositions were taken partly for the preparation of the reconventional demand. It is also maintained that the proof was not sufficient to fix a fee for the architect, under LSA-R.S. 13:3666, since (1) the architect was not called to testify in court;. (2) there was no evidence that his testimony would have entitled him to an expert’s fee; and (3) there was no evidence-showing the value of time spent or other basis on which a fee could be fixed under the terms of the statute.
We shall first consider whether or not the costs incurred by defendant, Simon, in taking the depositions of the plaintiff’s employees should be taxed as costs of court.
LSA-R.S. 13:4533 declares that the costs of taking depositions used on the trial shall be taxed as costs. This language has been held to include all depositions, whether taken for the proof of a claim or the defense of a claim, or for discovery purposes, provided the depositions are “used on the trial”. Succession of Franz, 242 La. 875, 139 So.2d 216. An exception to the *850 general rule, that only such depositions which are “used on the trial” are taxable as costs, is found in the case of Succession of Moody, 229 La. 30, 85 So.2d 20, where it was held that the losing party had made compliance of the statute impossible by dismissal of the suit before the depositions could be used at the trial.
We find the rule in the Moody case, supra, to be applicable to the one before us on appeal. Although the district court indicated that the plaintiff could not be classified as the “losing party,” we must disagree. As between plaintiff and the defendant, Simon, when plaintiff dismissed . its suit with prejudice as against defendant, Simon, this action classified plaintiff as the “losing party”. This was the basis of our prior ruling as reported at La.App., 177 So.2d 182. Since the dismissal of the action by plaintiff prevented the use of the depositions on the trial of the case, the defendant, Simon, should not be precluded from recovering these costs on the basis they were not “used on the trial”.
The depositions were taken of the employees of the plaintiff for discovery purposes and were reasonably necessary for the defense of the lawsuit. The evidence shows they would probably have been introduced into evidence had the case not been dismissed by plaintiff. Although some parts of the depositions may have been directed to matters relating to the reconventional demand, the depositions were mainly related to the defense of the main demand. Under the circumstances, we believe the costs of these depositions should be taxed as costs of court.
Counsel for plaintiff and defendant, Ducharme, also questions the sufficiency of proof as to the costs of depositions. The only witness called to testfy at the trial of the rule was Mr. Simon. He testified as to having paid three invoices of the Associated Court Reporters of Lafayette, Louisiana, which were introduced into evidence. The first was a charge of $58.61 for the deposition of two of the plaintiff’s employees. The second invoice was for $127.50 for the deposition of four of plaintiff’s employees, and for the cost of a copy of the deposition of defendant, Simon. The third invoice was for $15.00 for the cost of the deposition of Douglas Ashy, an employee of plaintiff. We hold that proof as to the amount of these costs was sufficient. However, the defendant, Simon, is not entitled to recover the cost of obtaining a copy of his own deposition. Kommer v. Assenheimer, (La.App., 4 Cir., 1965), 174 So.2d 197. Since the invoice for $127.50 was not itemized, the evidence does not show exactly what the cost of the copy of this deposition would be. However, in the interest of justice and in order to save the additional costs of remanding the case, we hold that this invoice should be reduced by one-fifth of its total amount, to $102.00. Accordingly, defendant, Simon, is entitled to be reimbursed the sum of $175.61 for these items which are taxed as costs.
The next question for our consideration is whether or not the expenses incurred by defendant, Simon, in obtaining the services of an architect should be taxed as costs. Mr. Simon testified he hired an architect, Mr. Lou Doiron, to assist in the defense of the lawsuit. The architect submitted a statement to Mr. Simon for $400.-00; $100.00 being a charge for material take-off; and $300.00 consultation fee. The statement is marked “Simon 4” in the record. When counsel for Simon attempted to introduce this document, counsel for Doug Ashy Lumber, Inc. and Ducharme objected to its admission on the ground that a proper foundation had not been made for its introduction in evidence. The trial judge reserved his ruling at that time. When he decided the case, he rejected this claim. We agree that the objection to the introduction of this document was valid.
The law relating to the fixing of compensation of expert witnesses is LSA-R.S. 13:3666, which states that said com *851 pensation is “to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required.” In accordance with the provisions of LSA-R.S. 13:3666, Simon should have summoned the architect to testify in detail the “value of time employed and the degree of learning or skill required.”
For the foregoing reasons, the judgment appealed from is reversed, the rule is made absolute, and judgment is hereby rendered allowing the defendant (plaintiff-in-rule) Simon’s costs of depositions in the amount of $175.61, and these items are taxed as costs. All costs of this proceeding, both in the district court and on appeal, are assessed against plaintiff.
Reversed and rendered.