297 So.2d 694 (1974)
PARISH OF JEFFERSON
v.
HARIMAW, INC.
No. 6061.
Court of Appeal of Louisiana, Fourth Circuit.
July 17, 1974.
Alvin Rudy Eason, Parish Atty., Ferdinand M. Lob, Asst. Parish Atty., Metairie, for plaintiff-appellee.
Montgomery, Barnett, Brown & Read, Walter M. Barnett, Nathan T. Gisclair, Jr., New Orleans for defendant-appellant.
Before SAMUEL, STOULIG and MORIAL, JJ.
MORIAL, Judge.
Defendant appeals from a judgment of dismissal without prejudice granted on plaintiff's ex parte motion. We affirm.
On April 18, 1972 plaintiff tendered to defendant the valuation of plaintiff's expert appraiser for certain property owned by the defendant. Defendant did not accept *695 plaintiff's offer and plaintiff filed this expropriation suit on May 12, 1972 at which time the district court issued an order fixing the date of the trial of the suit for June 26, 1972. LSA-R.S. 19:5. Defendant timely filed its answer. The trial was continued several times. On May 7, 1973 by ex parte motion of the Parish of Jefferson an order dismissing the plaintiff's suit "without prejudice" was signed. On July 3, 1973 defendant filed a motion to set aside the order of dismissal or in the alternative that after a hearing the order of dismissal be amended to recognize the amounts due defendant as court costs and expert's fees. The court set the motion solely to hear evidence as to attorney's fees and costs. Subsequently, the plaintiff paid defendant's attorney's fees. LSA-R.S. 19:201.
Defendant contends that (1) since its answer constituted a general appearance the dismissal should have been "something other than without prejudice" and, therefore, the district court's dismissal without prejudice was arbitrary and improper; and (2) the district court erred in failing to tax as costs the fees of defendant's real estate appraisers.
The pertinent procedural provision provides:
"A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to a general appearance by the defendant. If the application is made after a general appearance, the court may refuse to grant the judgment of dismissal except with prejudice." LSA-C.C.P. 1671.
Harimaw argues in support of its first contention that the plaintiff had no right to a dismissal without prejudice absent prior notice to it and an opportunity for a hearing on plaintiff's motion. No authority is cited in furtherance of this contention. Article 1671 provides for dismissal upon the application of plaintiff and payment of costs and does not contemplate nor require prior notice nor a prior contradictory hearing on such an application. Provision is made in the Code of Civil Procedure for service of copies of pleadings and notice of judgment but these provisions do not affect plaintiff's right to seek a judgment of dismissal via an ex parte application. Before the dismissal becomes effective the article requires an actual judgment of dismissal and thereby prevents independent or unilateral action by the plaintiff. Although defendant had made a general appearance, the plaintiff properly proceeded by ex parte motion.
The statute clearly vests in the court discretion as to the disposition of an ex parte application after a general appearance. To dismiss this suit with prejudice would terminate forever the right of the plaintiff political subdivision to exercise its statutory right to expropriate the property. LSA-R.S. 19:2. A dismissal "other than without prejudice" as urged by defendant would undeniably be an abuse of discretion.
The very object of a dismissal without prejudice is to return the parties to a status quo ante, which Harimaw argues has not been done. It argues that the dismissal without prejudice places its property in limbo until such time as the plaintiff reinstitutes expropriation proceedings; that no Parish authority will grant defendant a permit to develop its unimproved property; that it cannot be compensated for damages to or improvements placed upon its property in a subsequent expropriation since it is on notice of the Parish's intention to expropriate the property citing as authority for this proposition Manning v. City of Shreveport, 119 La. 1044, 44 So. 882 (1907) and State v. Laird, 219 La. 567, 53 So.2d 674 (1951).
Manning and Laird, supra, are both inapposite. In Laird the owner knew of the pendency of the expropriation proceedings on the day he purchased the property and *696 subsequent to the warning given him by representatives of the Highway Department began construction of his garage. Manning in pronouncing the equitable rule that a landowner is not to be compensated for improvements subsequent to a notice of intention to expropriate stated 44 So. at page 884:
"* * * by the adoption of a grade, to be thereafter established, the municipality fixes the status of an existent lot as property which must sooner or later be affected by the actual establishment of the grade so adopted, and the right to recover for such damages as it may sustain, though inchoate at the moment, becomes perfect when the damage is actually inflicted, and may be exercised by the then owner of the lot. But, if the lot be not improved when the grade to be actually established in the future is adopted, no liability for damage to improvements is imposed, and no right of recovery with respect thereto, whether inchoate or otherwise, is created. Under such circumstances, if the then nonexistent improvements are subsequently, and at the option of the owner, placed upon the lot, they come into existence subject to conditions already established and of which the owner of the lot has notice, and he must govern himself accordingly. * * *"
Contrary to Manning and defendant's argument, plaintiff's ex parte motion to dismiss informed the court and subsequently the defendant "* * * the Department of Highways has decided on a realignment of said project, and that therefore it will not be necessary for the Parish of Jefferson to acquire the property sought to be expropriated in this suit; * * *."
Further, the record is devoid of any refusal by the Parish to issue a permit for construction to the defendant, nor is there any indication that the defendant ever applied for such a permit. Should a refusal to issue a permit occur after having been properly applied for, defendant has an adequate remedy via mandamus. Accordingly, defendant's property is not in limbo, in fact it is as it was prior to the institution of plaintiff's suit.
Defendant obviously recognizing that it cannot meet the "called to testify in court" requirement of LSA-R.S. 13:3666, to recover the fees of its appraisers, urges us to follow the rule of Succession of Moody, 229 La. 30, 85 So.2d 20 (1956); see also 227 La. 609, 80 So.2d 93 (1955), which is followed in Doug Ashy Lumber, Inc. v. Ducharme, 185 So.2d 848 (La.App. 3 Cir. 1966). Moody, in allowing various expenses ($150 for each of three doctors giving expert testimony by deposition, $275.01 to a notary for his services in presiding at the taking of the depositions, $1,000 to handwriting expert on the basis of $250 per diem, although he testified by deposition on only one day, and $150 a day to an accountant for examination of books pursuant to a court order) incurred by defendant preparatory to trial to be fixed as costs, analyzed LSA-R.S. 13:4533[1] and ruled the phrase "used on the trial" does not modify or affect "costs of taking depositions." The Moody court stated further that "the use of the depositions was foreclosed by plaintiff's action in dismissing his own suit (which was done over defendant's objection) to avoid going to trial on the merits on the date fixedthe following day.
In Doug Ashy, where the plaintiff dismissed its suit with prejudice, the court enunciated "[a] An exception to the general rule, that only such depositions which are `used on the trial' are taxable as costs, is found in the case of Succession of Moody, 229 La. 30, 85 So.2d 20, where it was held that the losing party had made compliance of the statute impossible by dismissal *697 of the suit before the depositions could be used at the trial." (emphasis supplied)
The rationale of Moody and Doug Ashy forming the basis to allow recovery of expenses incurred by a defendant preparatory to trial is inapplicable to the facts of this case. Here no testimony has been given via depositions or otherwise and there is no "losing party."
Subsequent to Moody, in State of Louisiana v. Salemi, 249 La. 1078, 193 So.2d 252 (1967), an expropriation suit, the court held that the fees of a landowner's experts, not called to testify, due to compromise of an expropriation suit, were not taxable as "costs" per the judgment approving the compromise, which assessed them against the state agency. In recognizing the applicability to expropriation cases of the well settled rule prevailing in our jurisprudence that the only costs which can be taxed against a litigant are those specifically provided for by statute or positive law, the Salemi court stated at page 254:
"We know of no statute, and none has been called to our attention," which provides that the fee of an expert who is employed and paid by a litigant for work preparatory to trial, but who is not called to testify in the case, may be considered costs and taxed as such."
In Salemi the court indicated that the matter of recovery by a successful landowner of legal costs expenses, such as attorney's fees, other than those now made costs by statute, addresses itself to the discretion of the legislature.
The apparent progeny of Salemi is found in LSA-R.S. 19:201,[2] where provision is made for reasonable attorney's fees actually incurred by a landowner because of an unsuccessful or abandoned expropriation suit; however, we find no provision made for recovery of appraisers' fees in such instances. We find statutory authority only for inclusion of appraisers' fees in the settlement of a suit against the state for the taking of property other than through an expropriation proceeding.[3]
We recognize the constitution guarantees just and adequate compensation for property expropriated and requires that an owner be made whole, including all legal costs expenses incurred by him, so that he will in the end receive the undiminished value of his property. The successful landowner in an expropriation suit, though entitled to recover legal costs incurred, is *698 not entitled to recover actual fees paid by him to experts in preparation for the litigation who never testify as witnesses. Westwego Canal & Terminal Co. v. Louisiana Highway Commission, 200 La. 990, 9 So.2d 389 (1942); State of Louisiana v. Salemi, supra. A fortiori, the defendant cannot recover the fees paid experts in preparation for expropriation litigation who give no testimony via depositions nor who are "used on the trial" when suit is properly dismissed by the plaintiff without prejudice.
For the foregoing reasons, the judgment of the district court is affirmed.
Affirmed.
NOTES
[1] "The costs of the clerk, sheriff, witnesses' fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court shall be taxed as costs."
[2] Acts 1972, No. 121 § 1

"A court of Louisiana having jurisdiction of a proceeding instituted by the State of Louisiana, a parish, a municipality or an agency of any of them vested with the power of expropriation, to acquire real property by expropriation, shall award the owner of any right, or title to, or interest in such real property such sum as will, in the opinion of the court, reimburse such owner for his reasonable attorney fees actually incurred because of the expropriation proceeding, if the final judgment is that the plaintiff cannot acquire the real property by expropriation or if the proceeding is abandoned by the plaintiff. Any such award shall be paid from the same funds from which the purchase price of the property would heave been paid.
The rights of the landowner herein fixed are in addition to any other rights he may have under the Constitution of Louisiana."
[3] Acts 1972, No. 121 § 1; LSA-R.S. 13:5111

"A court of Louisiana rendering a judgment for the plaintiff, in a proceeding brought against the State of Louisiana, a parish or municipality or an agency of any of them, for compensation for the taking of property by the defendant, other than through an expropriation proceeding, shall determine and award to the plaintiff, as a part of the costs of court, such sum as will, in the opinion of the court, compensate for his reasonable attorney fees actually incurred because of such proceeding. Any settlement of such claim, not reduced to judgment, shall include such reasonable attorney, engineering, and appraisal fees actually incurred because of such proceeding. Actions for compensation for property taken by the state, parishes, municipalities and their respective agencies shall prescribe three years from the date of such taking.
"The rights of the landowner herein fixed are in addition to any other rights he may have under the Constitution of Louisiana."