510 So.2d 715 (1987)
SUCCESSION OF Alma SAULS.
No. 86 CA 0548.
Court of Appeal of Louisiana, First Circuit.
May 27, 1987.
Rehearing Denied July 20, 1987.
*716 Byard Edwards, Jr., Poncatoula, for plaintiff-appellant Roy Watson.
Joseph H. Simpson, Amite, for defendant-appellee Lane Sauls and Norman Sauls.
Before SAVOIE, CRAIN and JOHN S. COVINGTON, JJ.
CRAIN, Judge.
This is an appeal from a judgment finding that the testatrix had the capacity to confect a testament and upholding the validity of the testament.
On May 10, 1979, Miss Alma Elizabeth Sauls confected a statutory will naming her nephew, Roy Watson, as the sole legatee and executor of her estate. Roy Watson made the arrangements with a non-attorney notary, drove Miss Sauls to the notary's office, arranged for witnesses and was present when the will was drafted. This was the first will that the non-lawyer notary had ever done and the notary has not since drafted one.
On June 28, 1983, Dr. James Lane Sauls, Alma's half-brother petitioned to have Alma interdicted and placed in a nursing home in De Ridder, Louisiana, Dr. Sauls' home town. Dr. Sauls was appointed curator and Marshall Norman Sauls, also Alma's half-brother, was appointed under curator.
On July 22, 1983, while interdicted and confined to the nursing home, Miss Sauls confected an olographic will bequeathing her entire estate to her half-brothers, James Lane Sauls and Marshall Norman Sauls. Dr. Sauls was present when the will was drafted.
Miss Sauls died on April 22, 1985 in the De Ridder nursing home where she had been since her interdiction. On April 24, 1985, Dr. Sauls and Marshall Norman Sauls presented the July, 1983 olographic will for probate. On April 25, 1985, Roy Watson presented the May, 1979 statutory will for probate. Both parties attacked the respective wills presented by the other on various grounds. After trial the judge determined that both wills were legal and valid instruments. The practical effect of this decision is that the 1983 will acts as a tacit revocation of the 1979 will. The judge further found that Alma Sauls was legally capable of making either will at the time the wills were confected.
Roy Watson, the proponent of the 1979 will, has appealed the trial court's judgment. The sole issue presented is whether Alma Sauls possessed the requisite capacity to validly confect the July 1983 will.
To make a valid donation mortis causa, a person must be of sound mind. La.C.C. art. 1475. The testamentary capacity to make a will is tested at the time the will is made. La.C.C. art. 1472; Stewart v. Branch, 250 So.2d 474 (La.App. 1st Cir.), writ denied, 253 So.2d 224 (La.1971). The question is whether the testator understood the nature of the testamentary act and appreciated its effects. Succession of Lyons, 452 So.2d 1161 (La.1984); Succession of Moody, 227 La. 609, 80 So.2d 93 (1955); Succession of Riggio, 468 So.2d *717 1279 (La.App. 1st Cir.), writ denied, 472 So.2d 33 (La.1985). The burden of proving lack of testamentary capacity is upon the party alleging it. Succession of Schmidt, 219 La. 675, 53 So.2d 834 (1951); Lyons, 452 So.2d at 1164; Riggio, 468 So.2d 1288. There is a presumption in favor of testamentary capacity. Lyons, 452 So.2d at 1164; Succession of Mithoff, 168 La. 624, 122 So. 886 (La.1929); Riggio, 468 So.2d at 1288. This presumption continues until rebutted by clear and convincing evidence to the contrary. Lyons, 452 So.2d at 1165-6; Riggio, 488 So.2d at 1288.
What constitutes clear and convincing evidence is further explained in State v. Johnson, 458 So.2d 937, 942 (La.App. 1st Cir.1984), writ denied, 463 So.2d 593 (La. 1985), inter alia, as requiring more proof than a preponderance of the evidence but less stringent than the criminal standard of beyond a reasonable doubt.
The appellant's allegations of incapacity arise from the fact that Miss Sauls was interdicted at the time of confecting the will and that she was unduly influenced by Dr. Sauls. Interdiction, standing alone, does not incapacitate a person from making a will, but is only evidence of incapacity to be considered with all other evidence. Succession of Lanata, 205 La. 915, 18 So.2d 500 (1944); Schmidt, 53 So.2d at 837; Succession of Caprito v. Mayhew, 478 So.2d 243 (La.App. 3 Cir.1985). The appellant produced no evidence that the testatrix lacked the requisite capacity on the day the will was drawn. The appellee, on the other hand, has produced evidence of Miss Sauls' capacity on the day that the will was drawn and witnesses who testified that the will expressed Miss Sauls' intended disposition of her property as expressed by her on many occasions.
With respect to the appellant's claim that duress was applied to Miss Sauls in the making of the will drawn on July 1983, the only undue influence which will be admitted to nullify a will is that present at the time of making the will. Stewart v. Branch, 250 So.2d 474 (La.App. 1st Cir. 1971), writ denied, 253 So.2d 224 (1971); Succession of Herson, 127 So.2d 61 (La. App. 1st Cir.1961). These cases follow the guidelines of La.C.C. art. 1492 which provides that proof of disposition having been made through hatred, anger, suggestion or captation is inadmissible.
The trial judge found the evidence overwhelming that Miss Sauls possessed the capacity at the time of making the July 1983 will and found no undue influence that would affect this capacity. Testamentary capacity is solely a question of fact to be determined by the trial court and its finding should not be disturbed on appeal in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978); Succession of Price v. Price, 448 So.2d 839 (La.App. 2d Cir.1984); Succession of Keel, 442 So.2d 691 (La.App. 1st Cir.1983). We find no manifest error. Accordingly, we affirm the judgment of the trial court. Costs of this proceeding are assessed against the appellant.
AFFIRMED.