PAUL A. BONIN, Judge.
|,Mr. Darren Boykins appeals the judgment of the district court dismissing, without prejudice, the lawsuit filed against him by Systems Services Technologies, Inc. (“SSTI”). For the reasons which follow, we affirm.
FACTS AND PROCEEDINGS
On June 10, 2002, Mr. Boykins purchased a new Mitsubishi Diamante car on credit. Mitsubishi Motor Credit of America, Inc. (“Mitsubishi Motor Credit”) financed the purchase under its account number ending in -3276. Mr. Boykins fell behind on his monthly installment payments. Mitsubishi Motor Credit engaged SSTI as its servicing agent, and SSTI instituted this lawsuit against Mr. Boykins on May 26, 2003. The lawsuit began as a petition for executory process.[1] The proceedings continued as ordinary proceedings to obtain a deficiency judgment. La. C.C.P. arts. 2644 and 2771. During the course of the lawsuit, SSTI obtained a judgment that confirmed a preliminary default against Mr. Boykins in 2004 which the trial court later set aside in 2008.
| gAbout the time the judgment was set aside, Mr. Boykins learned that in late 2007, Mitsubishi Motor Credit had transferred ownership of his account to Cavalry SPV I, LLC (“Cavalry”). Mr. Boykins entered into negotiations with Cavalry[2] and reached an agreement with Cavalry to begin making payments on his account with it. Mr. Boykins then brought the *734 matter to the attention of counsel for SSTI and the trial judge.
Counsel for SSTI confirmed with his client that it was no longer servicing the account on behalf of Mitsubishi Motor Credit. On the instructions of his client, counsel for SSTI submitted a proposed judgment of dismissal without prejudice to the trial court. Mr. Boykins objected and contended that the dismissal should only be with prejudice. On November 21, 2008, the trial judge conducted a hearing on the plaintiffs motion to dismiss the lawsuit without prejudice, and based upon the request of SSTI to dismiss their suit without prejudice, signed a judgment to that effect.
Mr. Boykins timely filed his motion for a devolutive appeal from that judgment.
LAW GOVERNING ISSUE ON APPEAL
La. C.C.P. art. 1671 applies to the judgment which was rendered in the trial court; it states:
A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to any appearance of record by the defendant. If the application is made after such appearance, the | 8court may refuse to grant the judgment of dismissal except with prejudice. (emphasis added)
Since Mr. Boykins had made an appearance in these proceedings prior to the filing of the motion to dismiss, the only question for the trial court was whether to grant or deny the dismissal without prejudice as requested by the plaintiff pursuant to La. C.C.P. art. 1671. The trial court could not, as Mr. Boykins erroneously argues, dismiss the suit with prejudice in response to an article 1671 motion. A court may not convert a motion for voluntarily dismissal without prejudice into a dismissal with prejudice. Spencer v. Children’s Hosp., 432 So.2d 823, 824-25 (La.1983).[3] However, the trial court may refuse to grant the dismissal without prejudice, in which case the plaintiff has the option of accepting the dismissal with prejudice or proceeding with the case. Id. See also Northshore Regional Med. Ctr. v. Parish of St. Tammany, 96-0717, pp. 5-6 (La.App. 1 Cir. 12/20/96), 685 So.2d 614, 616-17.
The trial judge exercised her discretion to grant the voluntary dismissal without prejudice rather than to refuse to dismiss the case. “The trial court is given considerable discretion in granting a motion to dismiss after a defendant’s appearance.” New Orleans Redevelopment Authority v. Stroughter, 03-1085, p. 6 (La.App. 4 Cir. 12/17/03), 861 So.2d 940, 944, citing Parish of Jefferson v. Harimaw, Inc., 297 So.2d 694, 695 (La.App. 4 Cir. 1974). In Harimaw, our court noted that “[t]he very object of a dismissal without prejudice is to return the parties |4 to a Status quo ante....” Id. at 695. Thus, the trial court’s judgment relieved Mr. Boy-kins of any further défense of this lawsuit.
Although Mr. Boykins is not entitled to a dismissal with prejudice, which is the relief he sought on appeal, we have considered whether the trial judge abused her discretion in not refusing to grant the voluntary dismissal or in not conditioning her refusal upon the concession by SSTI to a dismissal with prejudice. Mr. Boykins seems to argue that he was no longer liable for the underlying debt to Mitsubishi Motor Credit because of his agreement with Cavalry. A dismissal with prejudice *735 would, of course, bar a subsequent suit on the same debt. La. R.S. 13:4281, La. C.C.P. art. 927(A)(3). This is precisely the result which the trial court sought to avoid. “A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial. A judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action.” La. C.C.P. art. 1673.
From the record, all that can be established is that Mitsubishi Motor Credit informed SSTI that it was no longer to service the debt, that Mitsubishi Motor Credit transferred its interest in the debt to Cavalry, and that Cavalry entered into a payment plan with Mr. Boykins. Nothing in the record establishes that the debt, originally owed to Mitsubishi Motor Credit, has been extinguished or the debt no-vated. “Novation is the extinguishment of an existing obligation by the substitution of a new one.” La. Civ.Code art. 1879. “The intent to extinguish the | ¡¡original obligation must be clear and unequivocal. Novation may not be presumed.” La. Civ. Code art. 1880. La. Civ.Code. art. 1881 provides:
Novation takes place, when by agreement of the parties, a new performance is substituted for that previously owed, or a new cause is substituted for that of the original obligation. If any substantial part of the original performance is still owed, there is no novation.
Novation takes place also when the parties expressly declare their intention to novate an obligation.
Mere modification of an obligation, made without intention to extinguish it, does not effect a novation. The execution of a new writing, the issuance or renewal of a negotiable instrument, or the giving of new securities for the performance of an existing obligation are examples of such a modification.
There is no evidence in the record of a cancellation or substitution of the original promissory note. Cavalry has merely granted Mr. Boykins new terms of repayment; the underlying obligation has not been extinguished.[4] Arnold v. Hancock, 06-632, p. 11 (La.App. 3 Cir. 2/7/07), 950 So.2d 911, 918. Since there was no novation in this case, Mr. Boykins was not entitled to a judgment with res judicata effects. Therefore, it would not have been appropriate for the trial judge to refuse to grant the voluntary dismissal unless SSTI acceded to a dismissal with prejudice.
|fiMr. Boykins argues that the trial court erred in accepting a late filed memorandum from counsel for SSTI. According to Mr. Boykins, the counsel for SSTI served him with a memorandum in support of the motion for voluntary dismissal without prejudice just minutes before the hearing, a violation of Rule 9.9, Rules for Louisiana District Courts and Juvenile Courts.[5] Mr. Boykins objected to the late filing, but he did not request a continuance of the hearing under section 9.9(d) of the rule to prepare to meet the issues raised in the memorandum. The trial judge stated on the record before the parties that the matter before her was “such a simple issue that we can address it without having to adhere to those procedural rules” and proceeded to decide the matter. “An individual judge may, in the *736 interest of justice and upon notice to all parties, permit deviations in a particular proceeding. Any such deviation shall be noted on the record in open court in the presence of all parties ...” Rule 1.4, Rules for Louisiana District Courts and Juvenile Courts. The trial judge did not abuse her discretion in deviating from the requirements of Rule 9.9, especially since Mr. Boykins did not suggest that he needed a continuance.[6]
Therefore, we find that the trial judge did not abuse her considerable discretion in granting the motion of SSTI for a dismissal of its suit against Mr. Boykins without prejudice.
IyDECREE
For the foregoing reasons, we affirm the judgment of the trial court in dismissing this suit against Mr. Darren Boykins without prejudice.
AFFIRMED.

. Pursuant to La. C.C.P. art. 2128, Mr. Boy-kins exercised his option to designate only a small portion of the record. We are unable to determine from the record whether the vehicle was sold at sheriff's auction.

. The entity was identified as Cavalry Portfolio Services, LLC.

. In Spencer, the trial court applied La. C.C.P. art. 1671 in the context of a motion for '‘mistrial” by a plaintiff in a civil matter. The rationale of Spencer is nonetheless applicable to this case.

. The new repayment terms provided for a reduced principal and reduced interest rate so long as Mr. Boykins remained current on the terms, but “failure to satisfy the terms of this payment plan will result in the revocation of all discounts and reinstatement of the original terms and conditions of your account.” (Defendant's Exhibit 6).

. Counsel for SSTI orally argued to the trial court that he had not received a copy of Mr. Boykins’ motion or memorandum objecting to any dismissal except with prejudice.

. Mr. Boykins had prepared ably for the hearing and the plaintiff's memorandum did not raise any new or complex issue for him.