CHASEZ, Judge.
This is an appeal from a judgment rendered by the Twenty-fourth Judicial District Court for the Parish of Jefferson, Louisiana, on a rule to tax costs.
The Southern Pacific Company, appellant herein, filed the rule to collect court costs expended by it in its defense of an action brought by Paul M. Mediamolie, Sr., individually, and for the use and benefit of the minor, Paul M. Mediamolie, Jr., against it, which resulted in a judgment in appellant’s favor on appeal to this court. See La.App., 169 So.2d 235.
Among the items claimed to be taxable as costs in the rule was item 6 thereof for “Premium on appeal bond ($120,000.00), $2,400.00.” All other items claimed by appellant were ordered paid in the judgment of the court a qua. Item 6 for the premium on the appeal bond for the sum of $2,400.00 was held to be not taxable as costs and, therefore, denied in said judgment.
The sole and only issue before this court for determination is whether the premium of $2,400.00 paid by the appellant herein, in order to perfect a suspensive appeal from a judgment rendered against it by the district court, which was reversed on appeal, is a proper item to tax as court costs.
*692 This issue was considered and determined in this court in the case of Keller Construction Corp. v. George W. McCoy & Co., 138 So.2d 128 (La.App.1962), wherein this court held the item was not taxable as cost.
Our opinion, in part, reads as follows :
“We now address ourselves to the appeal by McCoy. Counsel for McCoy point to LSA-R.S. 13:4531, which provides in part that ‘In all cases of appeal to the Supreme Court the party appellant shall be primarily liable for all costs occasioned by the appeal. * * and argues that since the law fixes the amount of the bond which the appellant must furnish in order to perfect the appeal, and without which bond it could not appeal, the premium paid for the appeal bond is an expense ‘occasioned’ by the appeal and the amount of this premium should be taxed as cost. We do not agree.
“There are many items, in the broad sense of the word, ‘occasioned’ by the appeal, which are not taxable as costs. For example, the amount expended for the printing of a brief required by the rules of court are not so taxable, (Cline v. Crescent City R. Co., 42 La.Ann. 35, 7 So. 66), nor are attorney’s fees in tire absence of special statute or contract (State ex rel. Landry v. Morning Star Benovelent Ass’n., 15 La.App. 419, 132 So. 159; see also Scurria v. Russo, 134 So.2d 679).
“Counsel has not called our attention to any law which provides, or to any jurisprudence which holds, that the amount of premium paid for an appeal bond is taxable as cost, nor we do know of any such law or jurisprudence. We are in agreement with the trial court in dismissing the rule.”
A writ of certiorari was applied for on the point involved in this matter by George W. McCoy & Co., which was denied by the Supreme Court of Louisiana on April 19, 1962, with the statement that “The judgment complained of is correct.”
Appellant, Southern Pacific Company argues to the court that in the Keller Construction Corp. v. George W. McCoy & Co., case, supra, the court was relying on LSA-R.S. 13:4531 and in this case this item of cost should be allowed under LSA-R.S. 13 :4533. We hold that this argument is without merit and that the premium for a suspensive appeal bond is not a taxable cost within the provisions of either of the above referred to sections. The Supreme Court has held that the only costs taxable against a litigant are those provided or by positive law. Succession of Franz, 242 La. 875, 139 So.2d 216 (1962); Kommer v. Assenheimer, 174 So.2d 197 (La.App.1965).
The trial court was not in error in disallowing the premium on the suspensive appeal bond as an item of cost to be taxed to plaintiff. Therefore, the judgment of the court a qua is affirmed.
Affirmed.