HAWTHORNE, Justice.
 

 We granted certiorari in this case to review a judgment of the Court of Appeal affirming a judgment of the district court which ordered the State of Louisiana through the Department of Plighways to pay,to the defendant
 
 as costs
 
 the fees of two experts (real estate appraisers) employed and paid by the defendant for appraisal work performed prior to the anticipated trial of this matter.
 
 [1]
 
 Since the case was compromised and never tried, these experts were not called to testify in court.
 

 The State of Louisiana through the Department of Highways instituted proceedings to expropriate for highway purposes certain property of the defendant Ben Salemi, depositing in the court $29,500.00 as compensation for the property taken. Since the amount deposited was not acceptable to the defendant, he filed an answer contending that he was éntitled to a larger sum. In due course the case was set for trial. It was compromised and never tried, however, because, according to the brief filed by the Department of Highways, there was a “review and reappraisal”. This compromise resulted' from an additional deposit of $5500.00 made by the department, which raised to $35,000.00 the total compensation to the defendant for the land expropriated. To effectuate the compromise a joint petition was filed by the department and the
 
 *1081
 
 landowner, and pursuant to this petition the district court rendered judgment in favor of plaintiff and in favor of defendant, decreeing $35,000.00 as a final award to the defendant of just and adequate compensation for the property, and ordering that the plaintiff, State of Louisiana through the Department of Highways,
 
 “pay all costs of these proceedings”.
 

 The defendant thereafter instituted a rule seeking to have taxed as costs under this provision of the compromise judgment the fees paid by him, totalling $1000.00, for appraisal work performed in anticipation of the trial by two experts, who, since the trial never took place, had not been called to testify in court. The lower court made the rule absolute and ordered the State of Louisiana through the Department of Highways to pay the amount of these fees as an item of costs.
 

 From this judgment the department appealed to the Court of Appeal, First Circuit. That court on original hearing reversed the judgment of the lower court on the rule, but on rehearing affirmed. See 185 So.2d 536. We granted certiorari, 249 La. 468, 187 So.2d 444.
 

 As already set out, the trial judge made the rule absolute and ordered the State through the Department of Highways to pay the amount of these fees expended by the defendant, stating that “this item is to be taxed as an item of cost”. We must therefore decide whether these fees are an item of costs within the meaning of the compromise judgment which provided that the department was to pay “all costs of these proceedings”.
 

 The defendant argued to this court that the record in this case will show that when his counsel attempted to have counsel for the plaintiff stipulate in the compromise that the plaintiff would pay the defendant’s appraisers’ fees, counsel for the plaintiff specifically stated that he could not so stipulate because they were items of costs. Defendant referred this court to the testimony of plaintiff’s counsel given at the hearing on the rule in the district court. We do not find that the record supports him in this argument as to the admission of the State that the word “costs” in the judgment would include these appraisers’ fees. We must therefore find its meaning in the light of the law and the jurisprudence.
 

 Under the well settled rule prevailing in our jurisprudence, the only costs which can be taxed against a litigant are those specifically provided for by statute. Succession of Franz, 242 La. 875, 139 So.2d 216, and authorities there cited; Mediamolle v. Texas & N. O. R. Co. (La.App.), 176 So.2d 691, cert. den. 248 La. 386, 178 So.2d 664. Therefore a decree ordering a litigant to pay all costs means that he is to pay costs provided for by statute, sometimes termed “legal costs”. This rule has
 
 *1083
 
 been recognized by this court in expropriation cases also. Louisiana Highway Commission v. Bullis, 197 La. 14, 200 So. 805; Westwego Canal & Terminal Co. v. Louisiana Highway Commission, 200 La. 990, 9 So.2d 389; State of Louisiana Through the Department of Highways v. Jones, 243 La. 719, 146 So.2d 414.
 

 We know of no statute, and none has been called to our attention, which provides that the fee of an expert who is employed and paid by a litigant for work preparatory to trial, but who is not called to testify in the case, may be considered costs and taxed as such.
 

 We recognize that had these experts been called to testify, the amount of their fee could have been fixed by the court with reference to the value of time employed and degree of learning or skill required, and properly taxed as costs under R.S. 13:3666.
 
 [2]
 
 Since they were not called to testify in court, we are of the view that the amount of the fee paid these experts cannot properly be considered an item of the costs awarded in the compromise judgment.
 

 In affirming the judgment of the district court the Court of Appeal on rehearing took the position that under the jurisprudence of this court the expenses incurred by a landowner in the successful defense of an expropriation proceeding are items of costs and constitute exceptions from the general rule which relieves the State from liability for costs, and that the phrase “all costs of these proceedings” in the compromise judgment meant “all such costs which the property owner must receive to make him whole and insure recovery of his just measure of damages which means the undiminished value of his property”. In support of this conclusion the court relied principally on the case of Westwego Canal & Terminal Co. v. Louisiana Highway Commission, 200 La. 990, 9 So.2d 389, which, the department argues, the Court of Appeal misinterpreted.
 

 In the Westwego case this court held that the Louisiana Highway Commission, an
 
 *1085
 
 agency of the State, was liable for costs. By this we meant that the Highway Commission was liable only for such costs as are specifically provided for by statute or positive law, for the costs awarded in that case were all of that nature. Moreover, we pointed out in State of Louisiana Through Department of Highways v. Jones, 243 La. 719, 146 So.2d 414, that the fees of expert witnesses were actually treated both in the Westwego case and in State Through the Department of Highways v. Barineau, 225 La. 341, 72 So.2d 869, as items of costs, and that in both cases the judgments were for costs.
 

 The'decision of the Court of Appeal in the instant case extends this court’s holding in the Westwego case so as to include as items of costs expenses incurred by a landowner in the successful defense of an expropriation proceeding even though those expenses are not made costs by law or statute of this state. It was the view of the Court, of Appeal that under our holding in Westwego the constitutional guarantee of just and- adequate compensation for property expropriated requires that the owner must be made whole, and that when the judgment assesses “all costs of these proceedings” against a state agency, the landowner must be awarded not only all statutory costs hut also all expenses incurred by him so that he will in the end receive the -undiminished value of his property. In other words,: the Court-of- Appeal was of the view that the expenses incurred by the landowner in such cases are items of costs. Under such a holding the successful landowner in an expropriation suit instituted by the State would recover as costs all expenses incurred by him though they are not legal costs — that is to say, expenses such as attorney’s fees, cost of briefs, as well as actual fees paid by him to all kinds of experts in preparation for the litigation who never testified as witnesses.
 

 We believe that the Court of Appeal erred in construing certain language used in the Westwego case as denoting an intention of this court to depart in expropriation cases from the general rule that the costs assessable are those made so by statute. A careful reading and analysis of the entire opinion in that case and the judgment rendered therein show that this court had no such intention, and the Court of Appeal in this case erred ill extending the Westwego case on the basis of any such intention.
 

 In expropriation proceedings the property of the landowner is taken without his con- ■ sent, and to question the right to expropri- ' ate and the amount tendered for' his land he is, without choosing to do so, forced to litigate. In these circumstances it may be-equitable for the successful landowner to be allowed to recover as legal costs expenses, such as. attorney’s fees, other than • those now made costs 'by- statute. This is-. a matter; however, which1 addre'sses-itself,;
 
 *1087
 
 to the discretion of the Legislature, for the courts can assess against a litigant only those costs specifically provided for by statute.
 

 For the reasons assigned the judgment of the district court affirmed by the Court of Appeal is annulled and set aside, and defendant’s rule is dismissed at his costs.
 

 [1]
 

 . No issue is made as to the amount of these fees, nor is there any contention that they are excessive.
 

 [2]
 

 . R.S. 13:3666 provides:
 

 “A. Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required.
 

 “B. The court shall determine the amount of the fees of said expert witnesses which are to be taxed as costs to be paid by the party cast in judgment either:
 

 “(1) from the testimony adduced upon the trial of the cause, the court shall determine the amount thereof and include same or,
 

 “(2) by rule to show cause brought by the party in whose favor a j'udgment is rendered against the party cast in j'udgment for the purpose of determining the amount of the expert fees to be paid by the party east in j'udgment, which rule upon being made absolute by the trial court shall form a part of the final j'udgment in the cause.”