216 So.2d 558 (1968)
Richard TROSCLAIR, Myrna Trosclair, Rita Brady and Ronald Brady
v.
Dale HIGGINS, Anna Mae Higgins, Gerry Daul, Michael Daul, Jr., The United States Fire Insurance Company, and Fireman's Fund Insurance Company.
No. 3188.
Court of Appeal of Louisiana, Fourth Circuit.
December 2, 1968.
*559 Samuel Richard Exnicios, Liska, Exnicios & Nungesser, New Orleans, for plaintiffs-appellants.
Schoemann, Gomes & Ducote, Rudolph R. Schoemann, New Orleans, for defendants-appellees.
Before REGAN, CHASEZ and HALL, JJ.
CHASEZ, Judge.
The only issue before the court on this appeal is the question of quantum.
The suit was brought by Richard Trosclair, Myrna Trosclair, Ronald Brady and Rita Brady for injuries sustained as a result of an automobile collision. The defendants were Dale Higgins, Anna Mae Higgins, Gerry Daul and Michael B. Daul, Jr., and their alleged insurers The United States Fire Insurance Company and Fireman's Fund Insurance Company. Liability was admitted before trial by stipulation and the individual defendants Dale and Anna Mae Higgins and Gerry and Michael B. Daul, Jr. were voluntarily dismissed by the plaintiffs, leaving just the insurance companies, The United States Fire Insurance Company and Fireman's Fund Insurance Company, as party defendants at trial.
Judgment was rendered in favor of Richard Trosclair in the sum of $1,221.60, and Myrna Trosclair in the sum of $1,800.00, and in favor of Ronald Brady in the sum of $291.09, and Rita Brady in the sum of $1,200.00. These judgments were all against The United States Fire Insurance Company as the primary insurer. Fireman's Fund Insurance Company was found to be an excess insurer and as the total judgment did not exceed the amount of the primary coverage, Fireman's Fund Insurance Company was not cast in judgment.
This appeal was taken by Myrna Trosclair and Rita Brady in an attempt to have their awards increased. The United States Fire Insurance Company as appellee has *560 answered the appeal and has asked that the awards to Mrs. Trosclair and Mrs. Brady be substantially reduced. Additionally the appellee has asked that certain expert's fees awarded by the judgment be disallowed or reduced.
We must clear up one important matter at this point. As stated above the judgment as cast was against The United States Fire Insurance Company, hereinafter referred to as United States Fire. United States Fire has brought to our attention that through an error on plaintiffs' part, United States Fire was made a party defendant while it was Westchester Fire Insurance Company, hereinafter referred to as Westchester, which had coverage in the matter. Westchester was never made a party to the suit, hence judgment was not rendered against it. The attorney for Westchester who also represented United States Fire satisfied that part of the judgment in favor of Richard Trosclair and Ronald Brady out of funds procured from Westchester. However when Mrs. Brady and Mrs. Trosclair took this appeal to that part of the judgment in their favor, United States Fire incorporated as part of its answers to the appeal an assertion of the nullity of the whole judgment on the grounds that it was against the wrong insurance company. Rather than prolonging the litigation and causing the case to be remanded for further proceedings to have Westchester included as the proper party defendant, and having the judgment recast to award judgment against it, Westchester Fire agreed in this court to substitute itself as the defendant-appellee. Hence attorneys for all parties have submitted a stipulation to this court wherein Westchester Fire Insurance Company substitutes itself as the party defendant in place of The United States Fire Insurance Company and agrees to be held liable and to be cast in judgment in place of The United States Fire Insurance Company.
With this clarification we now proceed to the merits of this appeal.
We are aware of the decisions of our Supreme Court in Gaspard v. Le Maire, 245 La. 239, 158 So.2d 149 (1963); Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964); and Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967), which have clearly defined our function in reviewing the decisions of the trial judge in these matters of quantum.
The court in the latter case stated:
"We recognize that in cases of this type the Constitution makes it the duty of appellate courts to review both the law and the facts, but in their examination of the fact these courts must give effect to the basic law set out in Article 1934(3) of our Civil Code that in the assessment of damages in cases of offenses and quasi offenses `much discretion must be left to the judge or jury'. This law is plain and means what it says, and it is the duty of all appellate courts to follow it. Under this rule the amount of damages assessed by the judge or jury should not be disturbed unless the appellate court's examination of the facts reveals a clear abuse of the discretion vested in the lower court." 200 So.2d at 131-132.
Thus the decision which we are confronted with is not what we would have awarded these plaintiffs, but whether or not that which has been awarded by the trial judge constituted an abuse of the discretion allowed to him in fixing damages.
On this basis we have little difficulty in affirming the award of $1,200.00 to Mrs. Brady. The record reflects from the testimony of Dr. David W. Aiken, general practitioner and surgeon, Mrs. Brady suffered an acute cervical sprain causing severe bilateral occipital neuralgia. She was treated by Doctor Aiken and Dr. Sol Winokur from early September 1966 until December 8, 1966. She continued to improve during this period and was discharged by Doctor Aiken on December 8th. It is fair to conclude from Mrs. Brady's testimony that her pain persisted for about a month *561 after the accident, and that she wore a supporting collar off and on during that time. Clearly an award of $1,200.00 based on these facts was not an abuse of the trial judge's discretion.
The award of $1,800.00 to Mrs. Trosclair is another matter. Dr. Aiken testified that based on his examinations of Mrs. Trosclair on September 6th and on subsequent visits he found that she suffered a severe cervical sprain due to flexion. In addition she suffered a moderately severe lumbar sacroiliac back sprain. He examined and treated her on nine occasions from September 6th to December 8th. He prescribed a cervical collar and various medications and the use of heat. She was not able to work for a period of about a month following the accident and was required to use a hard board mattress support for her bed. It is fair to say from Dr. Aiken's testimony that Mrs. Trosclair suffered a good deal more pain and for a longer period of time than did Mrs. Brady. The record seems clear that while she did not actually see Doctor Aiken from December 8, 1966 until August 10, 1967, he had not discharged her and she was still under his care. She testified at the trial on December 4, 1967 that she suffered pain intermittently even up to that date. The August 10, 1967 visit to Dr. Aiken was occasioned by a sudden onset of severe pain which resulted from her attempt to engage in the sport of bowling for the first time since the accident.
Mrs. Trosclair additionally sought the services of Dr. Richard W. Levy, a neurological surgeon, on February 13, 1967, complaining of neck pains, headaches and dizziness. It was Dr. Levy's impression as gathered from his report included in the record (he did not testify at the trial) that these symptoms resulted from a ligamentous neck injury and did not implicate the nervous system. The neurological examination disclosed no abnormality.
The record also reveals a report by Dr. Jack Wickstrom of his examination of Mrs. Brady on December 20, 1966. He could find no objective findings of neurological pathology but she did evidence sensory changes compatible with a conversive reaction in the left upper extremity.
Finally Mrs. Trosclair was examined by Dr. Irvin Cahen, apparently at defendant's request, on October 6, 1967. Here again we rely on a written report in the record which was submitted in lieu of testimony. Dr. Cahen apparently could find no objective indications of orthopedic difficulties at that date, other than Mrs. Trosclair's complaint of intermittent headaches over the back of the skull. Dr. Cahen reported he was of the opinion that from an orthopedic standpoint Mrs. Trosclair did not require additional specific treatment, although he stated that in this type of injury symptomatology of varying degrees can be present in the absence of objective abnormality.
From all of these facts it is clear that Mrs. Trosclair did suffer residual effects from her accident in the form of intermittent headaches and periods of dizziness up to the date of the trial some fifteen months later. Under these circumstances we are of the opinion that an award of only $1,800.00 as indemnification for the pain, suffering and inconvenience she experienced as a result of this accident is grossly inadequate. Hence we believe that we are acting within the purview of the jurisprudence cited above in increasing that award to the sum of $2,800.00.
Finally we arrive at a consideration of defendant's objection to the trial judge's decision to assess as costs expert's fees of $125.00 for Dr. Aiken and $50.00 for Dr. Levy.
We are not inclined to disturb the $125.00 amount awarded to Dr. Aiken. This amount was purely discretionary with the trial court. LSA-R.S. 13:3666. Indeed Dr. Aiken's testimony during the trial was essential in assisting the trial judge in his determination of the extent of plaintiffs' injuries. We thus feel this $125.00 award was quite proper.
*562 However we agree with the appellee that the trial court was acting in error in assessing as costs an expert's fee of $50.00 for Dr. Levy. Dr. Levy was not called upon to testify at the trial apparently through some oversight not chargeable to the defendants. His only status in this case was that of an examining physician of Mrs. Trosclair at her request. He did submit a report to the plaintiffs' attorney which was introduced into evidence, but this alone does not entitle him to an expert witness fee.
We find that the Supreme Court in State, Department of Highways v. Salemi, 249 La. 1078, 193 So.2d 252, 254 (1966), as quoted in appellees brief, has settled this question:
"We know of no statute, and none has been called to our attention, which provides that the fee of an expert who is employed and paid by a litigant for work preparatory to trial, but who is not called to testify in the case, may be considered costs and taxed as such.
"We recognize that had these experts been called to testify, the amount of their fee could have been fixed by the court with reference to the value of time employed and degree of learning or skill required, and properly taxed as costs under R.S. 13:3666. Since they were not called to testify in court, we are of the view that the amount of the fee paid these experts cannot properly be considered an item of the costs awarded in the compromise judgment."
For the reasons hereinabove expressed and after consideration of the stipulation entered in the record herein by all parties hereto the judgment of the court a qua rendered against The United States Fire Insurance Company is recast and is now rendered against Westchester Fire Insurance Company. That judgment is affirmed as far as it allows $1,200.00 to Mrs. Rita Brady; it is amended to increase the award of Mrs. Myrna Trosclair from $1,800.00 to $2,800.00; it is reversed insofar as it awards an expert's fee of $50.00 to Dr. Richard W. Levy; and in all other respects it is affirmed.
Affirmed in part, amended in part, reversed in part, recast and rendered.