CUTRER, Judge.
The single issue presented on appeal is whether the claim for attorney’s fees filed by Leon Haas, in his opposition to the tableau of distribution proposed by the administrator of the Succession of Eddie LeDoux, was barred by prescription.
Eddie LeDoux died testate in October 1960. At that time Haas was employed by the surviving spouse to perform the legal work in connection with the succession proceedings. In December 1960, the surviving spouse, Pearl LeDoux, was appointed testamentary executrix. Haas handled the various legal matters for the administratrix for a period of approximately seventeen years.
In 1977, the succession became involved in litigation concerning mineral leases of land owned by the succession. Haas suggested to the administratrix that she employ another attorney to handle the litigation. Mrs. LeDoux followed Haas’ advice. She employed Patrick Morrow as attorney in the litigation.
Morrow began not only the handling of the lease litigation but he also began handling the succession matters. Later, in 1980, John Saunders was also employed to represent some of the heirs in the proceeding.
The administratrix, Mrs. LeDoux, died in November 1980. In December 1980, Oswell LeDoux was appointed administrator. On December 28,1981, LeDoux filed a proposed tableau of distribution in the succession. The tableau contained no proposal to pay Haas’ attorney fees. Haas filed his opposition to the proposed tableau on January 6, 1982, seeking his attorney fees. A plea of prescription was filed by LeDoux as administrator of the succession.
Upon hearing the trial court rendered judgment awarding Haas $2,014.00 ($1,994.00 fees plus $20.00 advanced for court costs). The succession, through its administrator, appeals. Haas answered the appeal seeking assessment of trial court costs, judicial interest on the judgment beginning January 6, 1982 (date of demand), expert witness fees, damages and attorney’s fees for a frivolous appeal. We amend and affirm.
PRESCRIPTION OF ATTORNEY’S FEES
Civil Code art. 3538 provides, in part: “The following actions are prescribed by three years: ... That of ... attorneys for their fees and emoluments.... ” The question to be answered here, as in every prescription case, is: When does prescription begin to accrue? This court, in Succession of Buvens, 373 So.2d 750 (La.App. 3rd Cir.1979), stated:
“We agree with appellee that the date on which legal services were rendered is not the only factor to be weighed in deciding the issue of when prescription began to run on a claim for their value. The purpose of the attorney’s employment, when and if that purpose was accomplished, and when and if the services were completed are all relevant considerations. Mouton, Champagne & Colomb v. Bourgeois, 208 So.2d 546 (La.App. 3rd Cir.1968). Another is whether or not the services are charged for on a contingency basis. Garden Hill Land Corporation v. Cambre, 354 So.2d 1064 (La.App. 4th Cir. 1978), writ denied 356 So.2d 439 (La.1978). Perhaps the most important factor, and the one which we consider determinative in this case, is when the employment was terminated.”
With these principles in mind we proceed to a discussion of the facts of the case at hand.
The succession representative in this case, citing Buvens, contends that the prescription period began to run when Haas performed the last services for the succession in April 1977, and, since the opposition was not filed until January 1982, the prescription of three years had run. Haas, on the other hand, argues that he is not barred by prescription as he had rendered services for the succession on an on-going basis over the years and had never been terminated by the succession representative.
*14 Haas testified that he had prepared a will for Eddie LeDoux, the deceased. After Mr. LeDoux’s death, Mrs. LeDoux employed Haas to handle the legal matters pertaining to the succession. Mrs. LeDoux suffered physical problems and was confined to a wheelchair. His work on the succession involved numerous trips to Mrs. LeDoux’s home for consultation. Haas testified to various proceedings that he handled over the course of the years that Mrs. LeDoux was administratrix. He stated that he was not called upon to do any work on the succession after April 1977. He testified that this lapse of time did not cause any concern as his work had been intermittent, in that, there were times that as much as three or four years would lapse without the necessity of doing work on the succession. Haas stated he had not billed the succession for professional fees previously as it was his practice not to send a bill until the succession had been completed. He stated that he had never been notified of any termination by Mrs. LeDoux up until her death in November 1980. He adamantly denied that he had been notified of his termination by Theo LeDoux, a son, who assisted Mrs. Le-Doux in the succession proceedings. He testified that the first he knew of another attorney representing the succession was when he saw a newspaper advertisement of the tableau of distribution, just prior to the filing of his opposition. Haas considered himself as attorney for the succession at least until the death of Mrs. LeDoux in November 1980.
Theo LeDoux testified that he thought he remembered calling Haas and telling him that he had been terminated and that another attorney was to handle the succession. Theo was vague and uncertain in his testimony.
The testimony of Haas and Theo LeDoux was the only testimony pertaining to termination. This conflict of testimony presented a credibility problem for the trial court to evaluate. The trial court apparently accepted the testimony of Haas in this regard.
An appellate court may not disturb a trial court’s evaluation of the credibility of witnesses and factual determinations made based on that evaluation of credibility unless the record reveals that the .trial court’s decision was manifestly erroneous or clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973). The record in this case fully supports the trial court’s acceptance of Haas’ testimony.
We conclude that Haas’ professional services continued during the time of the administration of the succession by Mrs. LeDoux. He performed intermittent work connected with this protracted administration of the succession during that time. We are convinced that he was never notified that his employment was being terminated. Without termination, his employment continued up until, at least, the time of the death of the administratrix, Mrs. LeDoux, in November 1980. Haas, having filed his opposition in January 1982, is not barred by the prescriptive period of three years as set forth in LSA-C.C. art. 3538. The trial court correctly awarded the plaintiff $2,014.00 for his services including $20.00 advanced by Haas for court costs. This sum is not contested on appeal.
The facts of Buvens, supra, can be distinguished from those in this ease.
In Buvens, the attorney was aware that his duties had been terminated prior to the time that a ruling, concerning the validity of the will, was appealed to this court in 1970 by another attorney. His professional relationship was terminated at that point and the filing of his claim seven years later was barred by prescription.
INTEREST, COSTS AND EXPERT WITNESS FEES
Haas points out that the judgment of the' trial court failed to award legal interest and to assess costs.
Haas is entitled to legal interest from the date of judicial demand (January 6, 1982) until paid. Also, the costs of the trial court shall be assessed against the defendant-appellant. The judgment of the trial court will be amended accordingly.
*15 Haas next contends that he is entitled to have expert witness fees fixed and charged as costs for three attorneys who appeared to testify on his behalf regarding fees. These attorneys did not testify as their testimony was stipulated. Since these witnesses did not testify, the trial court correctly refused to fix fees for their testimony. LSA-R.S. 13:3666.
FRIVOLOUS APPEAL
The final question before us is whether Haas is entitled to damages for a frivolous appeal. This issue has no merit. Haas answered the appeal asking for a modification of the judgment, which we have granted.
“[WJhere the appellee obtains a modification of the judgment, damages for a frivolous appeal cannot be awarded.”
Succession of Cutrer v. Curtis, 341 So.2d 1209 (La.App. 1st Cir.1976), writ den., 343 So.2d 201 (La.1977).
For the reasons set forth the judgment of the trial court is amended to allow legal interest from the date of judicial demand until paid. In all other respects the judgment of the trial court is affirmed. Costs of the trial court and for this appeal are to be paid by the defendant-appellant.
AMENDED AND AFFIRMED.