CRAIN, Judge.
Zurich-American Insurance Company (hereafter called “Zurich”), a worker’s compensation carrier, and Seimens/Allis, Inc. (hereafter called “Seimens”), an employer, appeal a judgment of the district court which sustained the defendant’s preempto-ry exception raising the objection of prescription and dismissed the plaintiff’s petition for a de novo appeal. La.R.S. 23:1371 et seq. Finding no error in the ruling of the trial court, we affirm the judgment.
The sole issue on appeal is whether failure to give this employer notice of the decision of the Louisiana Worker’s Compensation Board (hereafter called “Board”) tolled the running of the 30-day appeal time. La.R.S. 23:1378(E).
On October 8, 1986, Janet De George sustained back injuries while acting in the course and scope of her employment with Chalmette General Hospital. She had a pre-existing neck and back injury and her employer was aware of this fact at the time of her employment. Zurich provided worker’s compensation benefits to Ms. De-George, on behalf of her employer, Siemens. Thereafter, on December 31, 1986, a claim for reimbursement of benefits was filed against the Board by “Eileen Carter/Zurich Ins. Co.” (Claim No. 86-722). On December 3, 1987, the Board held a hearing and Zurich was so notified by certified mail on October 19, 1987. On December 4, 1987, the claim for reimbursement was denied due to the claimant’s failure to provide proof of Ms. DeGeorge’s pre-exist-ing disability. Notice of the determination was mailed to Zurich on December 4, 1987.
On February 1, 1988, plaintiffs, Zurich and Siemens, filed a petition with the district court seeking a review of the Board’s decision denying reimbursement. The Board answered the petition on March 11, 1988, and admitted their decision wherein they had denied plaintiff’s claim for reimbursement. On July 17, 1990, defendant filed a “motion to dismiss, peremptory exception of prescription and/or motion for summary judgment,” wherein the Board sought the dismissal of plaintiffs’ action, with prejudice, in that “[T]he lawsuit herein was filed on February 1,1988, more than 30 days after the decision of the Second Injury Board.” In support of its position, defendant filed affidavits by the Fund’s Director wherein he affirmed that the Board’s decision was made on December 4, 1987, and mailed to the defendant insurer on that date. He further attested to the fact that the claim for reimbursement was filed solely by Zurich and that all dealings on this matter were transacted solely with Zurich. Additionally, in support of the motion, a copy of the Board’s decision, and transmittal letter, as well as the letter of the hearing notice and return receipt for that letter, which was mailed to Zurich, were filed.
On October 31, 1991, the district court sustained the defendant’s peremptory exception raising the objection of prescription after finding that Zurich had paid the compensation benefits, and hence, they were the party entitled to reimbursement; and were, for this reason, the party that held the claim against the Board.
In this appeal, plaintiffs argue that their claim has not prescribed. They reason that failure of the Board to provide notice of its decision to the employer, Siemens, prevented the 30-day appeal time from running. La.R.S. 23:1378.
The purpose of the Louisiana Worker’s Compensation Second Injury Board is:
[T]o encourage the employment of physically handicapped employees who have a permanent, partial disability by protecting employers and insurers from excess liability for worker’s compensation for .disability when a subsequent injury to such an employee merges with his preexisting permanent physical disability to cause a greater disability than would have resulted from the subsequent injury alone.
*885 La.R.S. 23:1371. The Act provides a process for reimbursement from the Fund, and the procedures are set forth, in pertinent part, in La.R.S. 23:1378 (as it read at the time of the accident):
He * * * sic *
B. The employer or his insurer, whichever of them makes the payments or becomes liable, shall, within fifty-two weeks after the first payment of weekly compensation or death benefits, notify the board in writing of such facts and furnish such other information as may be required by the board to determine if the employer or his insurer is qualified for reimbursement from the worker’s compensation second injury fund....
C. ...
The board may call a hearing thereon and, in such case, the employer and insurer, if any, shall be notified of the date, time, and place at least ten days before the date set for the hearing.... At such hearings, the board shall not make a determination which would create, provide, diminish, or affect any worker’s compensation benefits due to an injured employee, but shall limit itself to the determination of whether the fund is liable to reimburse[1] the employer, or, if insured, the insurer.
D. If the board finds that the employer or, if insured, his insurer, is entitled to reimbursement, as provided in this part, from the worker’s compensation second injury fund, the board shall issue its warrant to the state treasurer for payments to be made at such intervals as the board directs from the worker’s compensation second injury fund to such employer or insurer for the amount provided in Subsection A hereof.
E. Written notice of the decision of the board shall be given to all parties to the hearing, and the decision of the board shall be final; however, an appeal therefrom may be taken by any of the parties within thirty days after the date of written notice to the parties to the decision. If an appeal is taken, the board shall be made party defendant and service and citation shall be made, in accordance with applicable law, upon the attorney general or one of his assistants. The appeal shall be to the district court for the parish wherein the hearing was held or to the court having jurisdiction as provided by R.S. 23:1312 and R.S. 23:1313 for suits under this chapter. All appeals in all such cases shall be tried de novo. (Emphasis added)
In the instant case the record clearly indicates that the employer, Siemens, was not a “party” to the hearing, since it had not filed a claim with the Board.[1] As such, the employer was not entitled to notice of the Board’s decision. Hence, the failure of the Board to provide notice to the employer, in this case,, would not prevent the appeal time from running. See: La.R.S. 23:1378(E).
Under these circumstances, only the insurer, Zurich, was a “party” to the hearing and entitled to notice. Zurich was given notice. Thus a petition filed more than 30 days after that notice was untimely.[2] The trial court correctly granted the defendant’s peremptory exception raising the objection of prescription and dismissed plaintiffs’ action with prejudice.
For the reasons assigned, the judgment of the district court is affirmed at plaintiffs’ costs.
AFFIRMED.

. The district court correctly concluded that Zurich paid the compensation benefits, was entitled to the reimbursement, if any, and was therefore the party that held the claim.

. For purposes of this opinion, it is not necessary that we qualify the 30 day period as one of liberative prescription or peremption. See: Capital Drilling Co. v. Graves, 496 So.2d 487, 492, n. 3 (La.App. 1st Cir., 1986).