PARRO, Judge.
Plaintiff filed an appeal from that portion of a final judgment of involuntary dismissal of plaintiffs claim in which the trial court awarded $972.50 in expert witness fees to defendant for a witness who did not testify. We reverse.

ISSUE

The issue before this court is whether the trial court had the authority to fix an expert witness fee for a witness who did not testify at trial.

FACTS

Allstate Insurance Company (“Allstate”), as subrogee in a damage claim, filed suit against Aetna Casualty and Surety Company (“Aetna”) to recover damages which Allstate paid to its insured as a result of a fire in a commercial establishment. Trial was held in January of 1992. Present at the trial was Mr. Fred Vanderbrook, a potential expert witness for Aetna.[1] After Allstate rested its case, Aetna moved for an involuntary dismissal, which the trial court granted. Consequently, Mr. Vanderbrook never testified, and therefore, was never tendered as an expert in court. Aetna later filed a rule to tax costs, which was heard in April of 1992, and at that time submitted a statement of charges prepared by Mr. Vanderbrook. In the judgment dated May 28, 1992, the trial court awarded Aetna the sum of $972.50 as an expert witness fee for Mr. Vanderbrook and taxed that amount as court costs against Allstate. Allstate appealed that portion of the judgment.

*50
SCOPE OF REVIEW

When the court of appeal finds that a ■reversible error of law was made in the proceedings below, it is required to redetermine the facts de novo from the entire record and render a judgment on the merits. Tanner v. International Maintenance Corp., 602 So.2d 1133, 1137-38 (La.App. 1st Cir.1992).

APPLICABLE LAW AND ANALYSIS

Authority for fixing expert witness fees is found in LSA-R.S. 13:3666, which, at the time of the rule to tax costs, provided in pertinent part:
A. Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required.
B. The court shall determine the amount of the fees of said expert witnesses which are to be taxed as costs to be paid by the party cast in judgment either:
(1) from the testimony adduced upon the trial of the cause, the court shall determine the amount thereof and include same or,
(2) by rule to show cause brought by the party in whose favor a judgment is rendered against the party cast in judgment for the purpose of determining the amount of the expert fees to be paid by the party cast in judgment, which rule upon being made absolute by the trial court shall form a part of the final judgment in the cause.
In this case, the key phrase in this statute is “called to testify in court.” In State, Department of Highways v. Salemi, 249 La. 1078, 193 So.2d 252 (1966), a landowner in an expropriation suit sought expert fees for work performed by two appraisers in anticipation of trial. Prior to the date set for trial, the suit was compromised and the experts were never called to testify. The Supreme Court stated:
We know of no statute, and none has been called to our attention, which provides that the fee of an expert who is employed and paid by a litigant for work preparatory to trial, but who is not called to testify in the case, may be considered costs and taxed as such.
We recognize that had these experts been called to testify, the amount of their fee could have been fixed by the court with reference to the value of time employed and degree of learning or skill required, and properly taxed as costs under R.S. 13:3666. Since they were not called to testify in court, we are of the view that the amount of the fee paid these experts cannot properly be considered an item of the costs awarded in the compromise judgment. (Footnote omitted)
193 So.2d at 254. Other cases which have adhered to this principle are Parish of Jefferson v. Harimaw, Inc., 297 So.2d 694, 697-98 (La.App. 4th Cir.1974) (where expropriation suit was dismissed without prejudice, trial court correctly refused to grant expert fees to landowner’s real estate appraisers since there was no testimony from these witnesses); Haas v. Estate of Ledoux, 427 So.2d 12, 15 (La.App. 3rd Cir.1983) (where testimony of attorneys was stipulated, trial court correctly refused to fix expert witness fees pursuant to LSA-R.S. 13:3666); and Collins v. Texaco, Inc., 607 So.2d 760, 769 (La.App. 1st Cir.1992) (where experts presented written reports which were filed into evidence but were not called to testify in court, appellate court reversed trial court’s award of expert fees).
In the present case, Aetna moved for an involuntary dismissal with prejudice of Allstate’s claim after Allstate rested. Once the motion was granted, it became unnecessary for Aetna to present its evidence, and so its expert, Mr. Yanderbrook, never testified. Since Mr. Vanderbrook was never called to testify in court, this court finds the trial judge lacked authority to fix an expert witness fee. Therefore, Aetna is not entitled to have an expert witness fee taxed as costs pursuant to LSA-R.S. 13:3666.
Moreover, this court notes that, with respect to expert witness fees, it is fundamen *51 tal that the witness be first deemed an expert in the field in which his testimony is offered. LSA-C.E. art. 702. In the present case, Mr. Vanderbrook was never tendered as an expert. It is of no moment that Aetna intended to call him as a witness and would have attempted to qualify him as an expert. It was Aetna that moved for the involuntary dismissal, the granting of which ended the trial. Hence, Aetna cannot now complain that it was prevented from putting on its case and qualifying Mr. Vanderbrook as an expert. Nor can Aetna now proclaim with any certainty that Mr. Vanderbrook would have so qualified, since the voir dire of a witness by the opposing party may be fatal to his qualification as an expert in a particular field. Therefore, it was additional error for the trial court to assess an expert witness fee for a person who was never deemed an expert.
Accordingly, this court holds that the trial court erred as a matter of law in fixing an expert witness fee and in taxing this fee as costs against Allstate.

DECREE

For the foregoing reasons, the judgment of the trial court is reversed and costs of this appeal are assessed against Aetna.
REVERSED.

. Aetna never alludes to Mr. Vanderbrook's field of expertise in its brief.