691 So.2d 807 (1997)
Pamela CORMIER, et al.
v.
Donald ROBERSON, et al.
No. 96 CA 1107.
Court of Appeal of Louisiana, First Circuit.
March 27, 1997.
Keith D. Thornton, Baton Rouge, in pro per. and for plaintiffs/appellants, Pamela Cormier, et al.
William Mitchell, Baton Rouge, for defendant/appellee, State Farm Mutual Automobile Insurance Co.
Before WHIPPLE, PITCHER and FITZSIMMONS, JJ.
*808 WHIPPLE, Judge.
This is an appeal from a judgment rendered on a rule to show cause filed by State Farm Mutual Automobile Insurance Company ("State Farm"), through which State Farm sought an order commanding plaintiffs, Pamela Cormier and Dexter Cormier, individually and on behalf of their minor children, and Keith Thornton, as counsel of record for plaintiffs, to pay all court costs previously paid by State Farm and not reimbursed by the Clerk of Court, together with all costs associated with the rule to show cause, including reasonable attorney's fees. Plaintiffs and Thornton appeal the trial court's judgment, ordering plaintiffs and Thornton, as their counsel of record, to pay court costs incurred through trial in the amount of $180.60, as well as all costs associated with the rule to show cause. For the following reasons, we affirm in part and reverse in part.

FACTS AND PROCEDURAL HISTORY
On January 6, 1993, plaintiffs filed suit against Donald Roberson; the Louisiana Insurance Guaranty Association ("LIGA"); and State Farm, plaintiffs' uninsured motorist ("UM") carrier, as the result of an automobile accident which occurred on January 6, 1992. Plaintiffs asserted a claim against State Farm for penalties and attorney's fees for State Farm's alleged arbitrary and capricious handling of their UM claim.[1]
Prior to trial, plaintiffs' claims against Roberson and LIGA were dismissed with prejudice upon the motion of plaintiffs. Thereafter, the case proceeded to trial against State Farm only. By judgment dated March 10, 1995, the trial court awarded plaintiffs $8,000.00, subject to an $8,000.00 credit in favor of State Farm, which represented the amount State Farm had previously tendered pursuant to plaintiffs' UM and medical payments coverage. Additionally, the trial court judgment ordered plaintiffs to pay all costs associated with the proceeding.[2]
On September 14, 1995, State Farm filed a "Rule to Show Cause," averring that counsel for State Farm had been unsuccessful in his attempts to collect from plaintiffs court costs in the alleged amount of $180.60 which had been previously paid by State Farm and which were not reimbursed by the Clerk of Court. Thus, through its rule to show cause, State Farm sought an order from the court commanding plaintiffs and Thornton, their counsel of record, to reimburse this amount to State Farm, together with all costs associated with the rule to show cause, including reasonable attorney's fees.
A hearing on the rule to show cause was held on November 13, 1995. Following the hearing, the trial court denied State Farm's request for attorney's fees, taxed costs in the amount of $180.60 against plaintiffs and Thornton, and ordered that plaintiffs and Thornton also pay all court costs State Farm advanced in connection with the rule to show cause.
Plaintiffs' counsel has appealed on his own behalf and on behalf of plaintiffs, averring that the trial court erred: (1) in denying his motion to strike those provisions of the rule praying that he be held personally responsible for court costs; and (2) in not dismissing State Farm's rule to show cause and in condemning plaintiffs to pay court costs associated with the rule. Plaintiffs' counsel sets forth three issues presented by these assignments of error as follows: (1) Whether the trial court can hold a non-party (in this case, counsel of record) personally responsible for the payment of court costs; (2) whether plaintiffs should be held responsible for the payment of court costs associated with the rule to show cause; and (3) whether defense counsel should be sanctioned for filing a motion requesting attorney's fees and seeking to hold counsel of record personally responsible *809 for court costs, where there existed no basis in law or fact for such a request.

PERSONAL LIABILITY OF COUNSEL OF RECORD FOR PAYMENT OF COURT COSTS
With regard to this issue, plaintiffs' counsel argues that the trial court erred in holding him personally liable for the payment of court costs where LSA-C.C.P. art.1920 only grants the court authority to render judgment for court costs against a "party." We agree.
Louisiana Code of Civil Procedure article 1920, addresses the assessment of costs and provides as follows:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable. (Emphasis added).
Article 1920 is directed to the apportionment of costs between the parties. Moolekamp v. Rubin, 562 So.2d 1134, 1136 (La.App. 4th Cir.), writ denied, 567 So.2d 108 (La.1990). One who is not a "party" cannot be taxed with costs of that suit. Evans v. Louisiana Farm Bureau Mutual Insurance Company, 291 So.2d 865, 868 (La.App. 3rd Cir.1974). The term "party" refers to one who has filed a claim, who has been named in a suit, or who, although unnamed, has been allowed to enter a general appearance and seek certain relief. See Socorro v. City of New Orleans, 579 So.2d 931, 945-946 (La. 1991); see also Zurich-American Insurance Company v. State Worker's Compensation Second Injury Board, 600 So.2d 883, 885 (La.App. 1st Cir.1992). Additionally, the "party cast" in a legal proceeding is the one against whom judgment is rendered. State, Department of Highways v. Salemi, 185 So.2d 536, 539 (La.App. 1st Cir.1965), reversed on other grounds, 249 La. 1078, 193 So.2d 252 (1966); see also Lewis v. Macke Building Services, Inc., 524 So.2d 16, 23 (La.App. 5th Cir.), writ denied, 532 So.2d 131 (La.1988).
Clearly, Thornton, as counsel of record for plaintiffs, was not a party to this suit; therefore, the trial court exceeded the authority granted to it by LSA-C.C.P. art.1920 in holding him personally liable for the payment of costs.[3] Thus, to the extent that the November 17, 1995 judgment held Thornton personally liable for the payment of any court costs, it is reversed.

PLAINTIFFS' LIABILITY FOR COSTS OF RULE
Plaintiffs contend that the trial court erred in holding them liable for the payment of costs associated with State Farm's rule to show cause, because a rule to show cause was not the proper procedure by which to enforce the March 10, 1995 judgment, which originally awarded costs to State Farm.[4] Plaintiffs contend that the March 10, 1995 judgment ordering them to pay all costs is a money judgment subject to enforcement in accordance *810 with LSA-C.C.P. arts. 2291 through 2451.
It is true that an award of court costs is a money judgment in favor of one or more parties who incurred court costs in participating in the litigation. Board of Trustees of East Baton Rouge Mortgage Finance Authority v. All Taxpayers, 361 So.2d 292, 295 (La.App. 1st Cir.1978). However, LSA-C.C.P. art.1920 specifically provides that costs "may be taxed by a rule to show cause." Where a judgment on the merits casts one party with the payment of costs, but does not specifically set forth the amount of those costs, the party in whose favor costs are awarded may file a rule to show cause to have the precise amount of costs set and taxed if not agreed upon by the parties. See Miley v. United States Fidelity and Guaranty Company, 94-1204, p. 13 (La.App. 1st Cir. 4/7/95); 659 So.2d 792, 799, writ denied, 95-1101 (La.6/16/95); 660 So.2d 436; Bentley v. Industrial Fire Protection, Inc., 350 So.2d 982, 984 (La.App. 2nd Cir.1977); State, Department of Highways v. Moresi, 189 So.2d 292, 296 (La.App. 3rd Cir.1966).
In the instant case, it is clear that the parties could not reach an agreement as to the payment of costs by plaintiffs subsequent to rendition of judgment on the merits, which ordered plaintiffs to "pay all costs in connection with this proceeding." Thus, State Farm was entitled to proceed by rule to show cause to have the trial court fix the specific amount of costs taxed against plaintiffs. Given these facts, we find no error in the trial court's assessment of costs of the filing and trial of the rule against plaintiffs. This argument is without merit.

SANCTIONS AGAINST COUNSEL FOR STATE FARM
In their third "issue" presented for review, plaintiffs and Thornton contend that filing of the rule to show cause against plaintiffs' counsel for court costs was unsupported by law or facts and that counsel for State Farm should, therefore, be sanctioned for filing such a rule.[5]
Louisiana Code of Civil Procedure article 863(D) authorizes a court to impose sanctions upon an attorney who signs pleadings without making an objectively reasonable inquiry into the facts and the law. However, subsection (E) of article 863 further provides that such penalties "shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction." Thus, inasmuch as there is nothing in the record to indicate that plaintiffs' request for sanctions under this article was raised in the trial court, we decline to address this issue on appeal, which has not yet been raised in the trial court. See Cavin v. Harris Chevrolet, Inc., 95-1878, p. 5 (La.App. 1st Cir. 5/10/96); 673 So.2d 654, 658.

CONCLUSION
For the above and foregoing reasons, those portions of the November 17, 1995 judgment, holding Keith D. Thornton personally liable for the payment of $180.60 in court costs and for the payment of all costs associated with State Farm Mutual Automobile Insurance Company's rule to show cause, are reversed. In all other respects, the November 17, 1995 judgment is affirmed. Costs of this appeal are assessed against defendant, State Farm Mutual Automobile Insurance Company.
AFFIRMED IN PART AND REVERSED IN PART.
NOTES
[1] By letter dated June 15, 1992, prior to plaintiffs' filing suit, State Farm unconditionally tendered a draft to plaintiffs in the amount of $8,000.00 pursuant to plaintiffs' UM and medical payments coverage.
[2] Plaintiffs did not appeal the March 10, 1995 judgment, which assessed them with all costs of the proceeding. That judgment is now definitive, and the issue of the propriety of taxing plaintiffs with all costs in that proceeding is not before us. See Hall v. Hall, 611 So.2d 173, 174 (La.App. 5th Cir.1992).
[3] It does not appear that this was an attempt by the trial court to punish Thornton for contempt. Indeed, after repeated questioning by Thornton at the hearing as to whether the trial court was holding him personally liable for the payment of costs, the trial court stated as follows: "All right. Let's make it simple. I'm ordering you personally to pay court costs or show cause why you should not be held in contempt. You've got five days; you've got until Friday." (Emphasis added). Moreover, we do not believe that Thornton's actions in seeking to clarify whether he was being held personally liable for the payment of costs, as requested by State Farm in its rule, amounted to "[c]ontumacious, insolent, or disorderly behavior toward the judge ... tending to interrupt or interfere with the business of the court, or to impair its dignity or respect for its authority," so as to constitute a direct contempt of court. See LSA-C.C.P. art. 222. Finally, we note that even if this had been an attempt by the trial court to punish Thornton for contempt, the punishment would have exceeded that allowed by law. See LSA-C.C.P. art. 227, LSA-R.S. 13:4611(1)(a).
[4] In brief to this court, State Farm avers that no objection was raised to its use of this procedural device at the time of the hearing on its rule to show cause and that any objection was, therefore, waived. However, this assertion is factually incorrect. It is clear from the record that at the hearing on State Farm's rule, plaintiffs' counsel did object to State Farm's use of a rule to show cause to compel payment of costs.
[5] We note that State Farm's contention on appeal that holding plaintiffs' counsel personally liable for the payment of court costs was not relief contemplated by its rule to show cause is wholly unsupported by the clear wording of its rule. In the rule to show cause, State Farm asserted that it was "entitled to an Order commanding the plaintiffs and their counsel to reimburse all Court costs," including costs of the rule and reasonable attorney's fees. State Farm's rule also requested service of the rule directed to Thornton, individually and as counsel for plaintiffs.