CRAIN, J.
| premier Performance Marine, L.L.C. appeals a judgment in favor of Bourg Insurance Agency, Inc., taxing Premier with costs in the amount of $1,457.78. Given the disposition of a related appeal, we find the judgment taxing costs to be premature, vacate the judgment, and remand for further proceedings.
The trial court taxed costs in response to a motion filed by Bourg and in conjunction with a prior judgment that sustained Bourg’s exception of peremption and dismissed Premier’s claims against Bourg, with prejudice and at Premier’s cost. Where a final judgment casts one party with the payment of costs but does not specifically set forth the amount of those costs, the party in whose favor costs are awarded may file a rule to show cause to have the precise amount of costs set and taxed if not agreed upon by the parties. Cormier v. Roberson, 96-1107 (La.App. 1 Cir. 3/27/97), 691 So.2d 807, 810; see also La.Code Civ. Pro. art.1920; La. R.S. 13:3666(2).
However, in a separate appeal decided this same date, this court reversed the judgment sustaining Bourg’s exception of peremption and remanded the case for further proceedings. See Atain Specialty Insurance Company v. Premier Performance Marine, LLC, 15-1128 (La.App. 1 Cir. 4/8/16), 193 So.3d 187. As a result of that ruling, Premier’s claims against Bourg remain pending and are no longer the subject of a final judgment. Therefore, the assessment of costs against Premier at this time is premature and must be vacated. See Cashio v. Encompass Insurance Company of America, 14-1035, 2014 WL 7332538, p. 2 (La.App. 1 Cir. 12/23/14). Accordingly, the June 23, 2015 judgment taxing costs in the amount of $1,457.78 against Premier is vacated, and this mat *194 ter is remanded to Rthe trial. court for further proceedings. All costs of this appeal are assessed to .Boui;g Insurance Agency, Inc.
VACATED AND REMANDED.