861 So.2d 940 (2003)
NEW ORLEANS REDEVELOPMENT AUTHORITY
v.
Frances Collins STROUGHTER, Individually and through Provisional Curator Adrian Stroughter; Estate of James W. Stroughter, through Administrator Joseph Neves Marcal, III; and the United States of America.
No. 2003-CA-1085.
Court of Appeal of Louisiana, Fourth Circuit.
December 17, 2003.
Rehearing Denied January 15, 2004.
*941 Christopher Gobert, Cade, Collins & Gobert, New Orleans, LA, for Plaintiff/Appellee.
James E. Uschold, James E. Uschold, PLC, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES, and Judge PATRICIA RIVET MURRAY).
PATRICIA RIVET MURRAY, Judge.
This is an expropriation proceeding. The primary issue before us is whether the trial court erred in denying the defendant-tax sale purchaser's request for attorney's fees pursuant to La. R.S. 19:201 based upon the plaintiff-expropriating authority's dismissal of the proceeding. Finding no error, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND
The underlying facts of this case basically are undisputed. Since 1971, Frances Collins wife of/and James W. Stroughter have been the record owners of the property located at 3701 Baronne Street, New Orleans, Louisiana (the "Property"). On May 31, 2000, the Administrative Adjudication Bureau of the New Orleans Health Department declared the Property blighted and eligible for expropriation; that determination apparently was not appealed. The Health Department referred the matter to New Orleans Redevelopment Authority ("NORA"), a governmental agency, *942 which has the statutory authority to expropriate blighted properties.
Pursuant to its statutory authority, NORA identified a prospective purchaser for the Property, Shelita Scott. Ms. Scott then commissioned the required appraisals. According to the appraisals, the Property was valued at $5,000. On December 8, 2000, NORA and Ms. Scott entered into an Agreement to Purchase and Sell the Property. Under that agreement, Ms. Scott agreed to purchase the Property at its appraised value and to renovate it within 270 days of her acquisition. Ms. Scott tendered the $5,000 for deposit into the registry of the court in the impending expropriation proceeding. The Agreement, however, was conditioned on NORA succeeding in expropriating the property.
On November 15, 2001, Wesley Alden d/b/a Crescent City Property Services ("Dr. Alden") purchased the Property at tax sale from the City of New Orleans. However, the City did not execute a tax deed to Dr. Alden until July 31, 2002, and Dr. Alden did not record the tax deed until August 15, 2002.
By letter dated December 5, 2001, Dr. Alden informed NORA that he had purchased the Property at tax sale and that he had "begun the process of refurbishing" it. On December 7, 2001, NORA physically inspected the Property and found no work in progress. By letter dated December 10, 2001, NORA advised Dr. Alden that it would "continue its expropriation proceeding until there is evidence of work in progress and will not remove the subject property from its inventory until [it is] completely renovated."
On March 13, 2002, NORA filed a petition to expropriate the Property. It named as defendants the record owners of the Property, Mr. and Mrs. Stroughter. Because Mr. Stroughter died in 1995, NORA named his estate as a party. Because Mrs. Stroughter's whereabouts were unknown, NORA requested a curator ad hoc be appointed to represent her.[1]
The trial was initially set for July 2, 2002. At some time before that date, NORA apparently obtained a tax certificate that indicated Dr. Alden had paid the taxes on the Property. As a result, on June 14, 2002, NORA filed a First Supplemental and Amending Petition for Expropriation adding Dr. Alden as an additional defendant, stating that he was the "purchaser of the referenced property for unpaid 1997 taxes assessed in the name of Mr. James W. Stroughter, as reflected by unrecorded tax sale from the City of New Orleans dated November 13, 2001." At NORA's request, the trial court continued and reset the trial for September 12, 2002.
On August 26, 2002, Dr. Alden answered, claiming to be the "owner" of the Property. He also filed several exceptions (lack of subject matter jurisdiction, prematurity, want of amicable demand, improper cumulation of actions, res judicata, no cause of action, and no right of action). Dr. Alden requested that the trial court hear his exceptions on September 12, 2002, the then scheduled trial date. On September 5, 2002, the trial court rejected that request, ruling that "[t]rial is continued without date by court. Mover should file a new motion to have the exceptions scheduled for Rule Day."
On August 28, 2002, NORA re-inspected the Property and again found no work in progress; it remained blighted. Thereafter, the trial date was reset for December 16, 2002. On December 6, 2002, NORA once again inspected the Property *943 and found that the Property was being renovated. NORA then moved to continue the trial without date. The trial court granted that request.
On January 14, 2003, the trial court granted NORA's "Motion and Order to Dismiss Without Prejudice and to Withdraw Funds Deposited in the Court Registry" based on NORA's representation that "the grounds for this action have been removed." The court ordered that the expropriation action be dismissed with each party to bear its own costs and further ordered the $5,000 deposit be disbursed as follows: $640.60 to Ms. Stroughter's curator, $406.88 to NORA's counsel for costs advanced, $248.00 to the Clerk of Court, and the $3,704.52 balance to NORA.
On January 16, 2003, Dr. Alden filed a "Partial Opposition to Motion to Dismiss Without Prejudice and to Withdraw Funds Deposited in the Court Registry; and Motion by Alden for Award of Attorneys Fees and Costs." Although Dr. Alden agreed that the grounds for the expropriation action had been removed and did not oppose the dismissal, he asserted that it should have been dismissed with prejudice. Citing La. R.S. 19:201, he further asserted that he is entitled to an award of reasonable attorney's fees and costs payable out of the money deposited into the registry of the court.
NORA opposed Dr. Alden's request for attorney's fees. It argued that La. R.S. 19:201 only avails an "owner" of the property in a failed expropriation case and that it does not avail an unrecorded tax purchaser. Alternatively, NORA argued that "absolutely nothing Dr. Alden's attorney did had anything to do with the outcome of this case."
On March 10, 2003, the trial court issued an order overruling Dr. Alden's partial opposition to dismiss without prejudice and denying his motion for an award of attorney's fees and costs. At the February 28, 2003 hearing on Dr. Alden's motion, the trial court rendered the following oral ruling, which it indicated included its reasons for judgment:
The motion to dismiss with prejudice and the motion for attorney's fees is denied. It is axiomatic in Louisiana law that an ownership interest in real property cannot be acquired except by a written act. In the case at bar, Dr. Alden did not have a written act until July 31, 2002; and he lacked a recorded interest in the property until August 15, 2002, approximately five months after the initial expropriation action had been filed. Therefore, it is undisputed that prior to August 15, 2002 Dr. Alden's interest in 3701 Baronne Street had been utterly null and void as to third parties, such as NORA. After August 15th, in the opinion of this Bench, Dr. Alden did not become the property's "owner" as contemplated by Revised Statute 19:201; he was a tax purchaser of record, whose ownership interest is imperfect in the sense that the owner's interest is still subject to the right of redemption of the original owner, and until that right is extinguished, the title is notthe title to the property is not quieted. In fact, that very provision is articulated in the tax sale of Dr. Alden. Further, this court will take judicial notice of the fact that it handles between three and five expropriation cases every four to six weeks.
So, it literally has handled hundreds of expropriation cases. In each case, the testimony is that prior to the NORA agency going forward an inspection is done of the property and when that inspection demonstrates that the work is being done, or that the blight is in fact being removed, NORA routinely dismiss *944 their action, and they dismiss it without prejudice, for the very reason that the purpose for which the expropriation began is no long [sic] there, or is in a process of being removed.
The court doesn't see any difference in this case. And, for the aforementioned reasons, the court denies the motion to have this matter dismissed with prejudice and to award attorney's fees.
From the above ruling, Dr. Alden appeals.

DISCUSSION
At the outset, we find no merit to Dr. Alden's argument that the trial court erred in dismissing the action without prejudice. The controlling provision is La. C.C.P. art. 1671, which provides:
A judgment dismissing an action without prejudice shall be rendered upon application of plaintiff and upon his payment of all costs, if the application is made prior to any appearance of record by the defendant. If the application is made after such appearance, the court may refuse to grant the judgment of dismissal except with prejudice.
The trial court is given considerable discretion in granting a motion to dismiss after a defendant's appearance. La. C.C.P. art. 1671, Comment (b).
In addressing this issue, we find our reasoning in Parish of Jefferson v. Harimaw, Inc., 297 So.2d 694 (La.App. 4 Cir. 1974), instructive. There, the defendant argued that the trial court erred in granting the request of the plaintiff political subdivision to dismiss the expropriation proceeding without prejudice. Rejecting that argument, we reasoned:
The statute [La. C.C.P. art. 1671] clearly vests in the court discretion as to the disposition of an ex parte application after a general appearance. To dismiss this suit with prejudice would terminate forever the right of the plaintiff political subdivision to exercise its statutory right to expropriate the property. LSA-R.S. 19:2. A dismissal `other than without prejudice' as urged by defendant would undeniably be an abuse of discretion.
Harimaw, 297 So.2d at 695. Continuing, we commented that "[t]he very object of a dismissal without prejudice is to return the parties to a Status quo ante." Id. Likewise, we find no abuse of discretion in the trial court's granting NORA's request to dismiss the instant expropriation proceeding without prejudice.[2]
As noted at the outset, the principal issue presented on this appeal is whether the trial court erred in denying the defendant-tax sale purchaser's (Dr. Alden's) request for attorney's fees pursuant to La. R.S. 19:201 based upon the plaintiff-expropriating authority's (NORA's) dismissal of the proceeding. The trial court, agreeing with NORA, denied Dr. Alden's request based upon its finding that the term "owner" as used in La. R.S. 19:201, quoted below, does not include a tax sale purchaser such as Dr. Alden. We find it unnecessary to decide that legal issue given the facts of this case. Instead, we find that even assuming, arguendo, that Dr. Alden qualifies as an "owner" under the statute, he nonetheless is not entitled to an award of attorney's fees under the facts of this particular case.[3]
*945 Recognizing the reality that a dismissed expropriation proceeding can result in a monetary loss in the form of attorney's fees to the defendant-owner, the Legislature enacted La. R.S. 19:201, requiring the award of attorney's fees in certain discontinued expropriation proceedings. St. Tammany Parish Hosp. Service Dist. No. 2 v. Schneider, XXXX-XXXX, pp. 8-9 (La. App. 1 Cir. 5/11/01), 808 So.2d 576, 584; see also State by Mondale v. Nelson, 267 Minn. 70, 73, 125 N.W.2d 166, 168 (1963)(noting that the purpose for such provisions is "to protect owners from the futile and unnecessary trouble and expense of condemnation proceedings which are ultimately discontinued or abandoned.") La. R.S. 19:201 provides:
A court of Louisiana having jurisdiction of a proceeding instituted by the State of Louisiana, a parish, a municipality or an agency of any of them vested with the power of expropriation, to acquire real property by expropriation, shall award the owner of any right, or title to, or interest in such real property such sum as will, in the opinion of the court, reimburse such owner for his reasonable attorney fees actually incurred because of the expropriation proceeding, if the final judgment is that the plaintiff cannot acquire the real property by expropriation or if the proceeding is abandoned by the plaintiff. Any such award shall be paid from the same funds from which the purchase price of the property would have been paid.
The rights of the landowner herein fixed are in addition to any other rights he may have under the Constitution of Louisiana.
Although La. R.S. 19:201 contains the mandatory word "shall," it also contains the modifier "reasonable" and the phrase "in the opinion of the court." The Legislature thus clearly provided the trial court with some discretion in determining whether it is reasonable to award attorney's fees. See Schneider, supra. Similar to the argument advanced by Dr. Alden, the defendant in Schneider argued that the Legislature's use of mandatory language in La. R.S. 19:201 required the trial court to award all the attorney's fees he incurred and removed from the court its discretionary authority over such awards. Rejecting that argument, the court reasoned that it "ignores another key word in the statute, that being the word `reasonable,' which immediately precedes the word `attorney fees' in the sentence." Schneider, XXXX-XXXX at p. 13, 808 So.2d at 587. Continuing, the court reasoned that "[r]egardless of the language of the statutory authorization for an award of attorney fees or the method employed by the trial court in making such an award, courts may inquire as to the reasonableness of attorney fees by considering: [inter alia] [i] the ultimate result obtained ... and [ii] the *946 court's own knowledge." Id. (citing Rivet v. State, Dep't of Transp. and Dev., 96-0145, pp. 11-12 (La.9/5/96), 680 So.2d 1154, 1161).
A trial court's determination of the reasonableness of attorney fees is a factual one. Applying the latter two factors ultimate result obtained and trial court's own knowledgeto the facts of this particular case, we find it was reasonable for the trial court not to award any amount of attorney's fees to Dr. Alden.
First, the ultimate result obtained was dismissal of the proceeding without prejudice. NORA argues that "it was not anything Dr. Alden's attorney ever did, but what Dr. Alden's carpenters finally did that mattered." We agree. Indeed, it was Dr. Alden's delay in getting his carpenters to work that prompted the commencement and continuation of this expropriation proceeding for over a year. Although Dr. Alden wrote NORA on December 5, 2001 and advised that he had commenced renovating the Property, it was not until over a year later (December 2002) that such renovations were actually commenced. Indeed, NORA conducted two inspections in the interim and found no work in progress. NORA ultimately dismissed this proceeding because on its third inspection it found the Property had in fact been renovated and the blight removed. Hence, the ultimate result cannot be attributed to Dr. Alden's attorney's actions.
As to the second factor, the trial court's reasons, quoted above, reflect that it took judicial notice of the fact that NORA routinely dismisses these expropriation actions when it learns through inspection that the blight is being removed. NORA expressly communicated this policy to Dr. Alden in the December 10, 2002 letter, which stated that NORA will "continue its expropriation proceeding until there is evidence of work in progress." Likewise, the trial court stated in its oral ruling, quoted above, that before NORA proceeds with an expropriation, it inspects the property. When that inspection reveals that the work is in progress or that the blight is in fact being removed, NORA routinely dismisses its action. This is precisely what occurred here. In December 2002, NORA inspected the property in preparation for the upcoming trial date, found renovations had been made, and dismissed the action.
In sum, we find it was reasonable for the trial court to award no attorney's fees to Dr. Alden. Any delay in achieving dismissal can be attributable only to Dr. Alden's delay in commencing the renovations to remove the blight. But for Dr. Alden's delay of over a year to begin the renovation, the expropriation proceeding would not have been pursued. We thus find no error in the trial court's denial of Dr. Alden's request for attorney's fees.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] A curator was appointed, and reported that Ms. Slaughter was interdicted in 1999, presently is residing in a local nursing home, and has no interest in recovering the Property.
[2] To the extent Dr. Alden's appeal is based on the trial court's earlier decision dated January 14, 2003, granting the motion to dismiss without prejudice, we find it not properly before us. Nonetheless, the trial court expressly ruled on this issue in the judgment that is properly before us on appeal.
[3] Although La. R.S. 19:201 is not conditioned on the reasonableness of the expropriating authority's action, we note, contrary to Dr. Alden's suggestion of bad faith, that NORA's actions in bringing and ultimately dismissing the expropriation action were reasonable. NORA's purpose in commencing this proceeding was to accomplish the public purpose of getting this blighted property back into commerce by renovating it. As an expropriating authority, NORA had the right to rely on the public records in determining the identity of the property owners it was required to name as defendants. See State Dep't of Transportation & Development v. Jacob, 483 So.2d 592, 596 (La.1986)(noting that expropriating authority "need only name those defendants whose interests appear in the public records.") NORA thus was reasonable in relying on the public records to name Mr. and Mrs. Stroughter as defendants. NORA also was reasonable in continuing the proceeding after investigating Dr. Alden's claim that he had begun renovating the Property and discovering it to be untrue. Finally, NORA was reasonable in ultimately dismissing the proceeding when its third inspection revealed that the renovations finally were being made.