996 So.2d 418 (2008)
CITY OF SHREVEPORT, Plaintiff-Appellee
v.
LOUISIANA HAYRIDE DEVELOPMENT CO., LLC, Defendant-Appellant.
No. 43,556-CA.
Court of Appeal of Louisiana, Second Circuit.
September 17, 2008.
William A. Lanigan, III, Shreveport, for Appellant.
*419 Tutt, Stroud & McKay, by Charles Gordon Tutt, C. Gary Mitchell, Shreveport, for Appellee.
Before WILLIAMS, STEWART and LOLLEY, JJ.
LOLLEY, J.
In this expropriation case, plaintiff, Louisiana Hayride Development Company, LLC ("LHD"), appeals a judgment of the First Judicial District, Parish of Caddo, State of Louisiana, which found in favor for the City of Shreveport ("the City") allowing it to expropriate land for a public purpose. For the following reasons, we affirm.

FACTS
The Shreveport City Council ("Council") passed Resolution 71 of 2006 ("Resolution") to address the need for additional parking at Shreveport's Municipal Auditorium authorizing the City to expropriate the necessary land. The City filed its first suit on August 9, 2006, to expropriate property owned by LHD for the purpose of providing additional parking for the Municipal Auditorium ("2006 action"). The City sent a letter to LHD's attorney stating the matter should be set within 60 days in accordance with La. R.S. 19:106 and requested LHD's availability to set the trial date accordingly. The date provided by LHD's attorney was after the expiration of the 60 days. The trial court eventually set the date for November 14, 2006, with no objections from either party. However, the matter never went to trial because the City filed, and was granted, a motion to have the 2006 action voluntarily dismissed without prejudice. LHD filed no opposition to the City's motion and an Order granting the dismissal was entered.
Another petition to expropriate LHD's land was filed on February 27, 2007 and set for trial on April 16, 2007within 60 days of the filing of the suit ("2007 trial"). The City served LHD on March 26, 2007. On April 10, 2007, LHD filed Defendant's Answer, Affirmative Defenses, Peremptory Exception and Dilatory Exception. On April 11, 2007, LHD filed its Peremptory Exceptions and Memorandum of Authorities. LHD also filed a Motion for Continuance of Trial requesting that the trial date of April 16, 2007 be upset. LHD's request was granted and the trial was reset. LHD's peremptory exceptions were heard and denied on May 14, 2007.
A trial on the merits with respect to the City's right to expropriate was held on May 24, 2007. The City presented evidence establishing that parking was inadequate at the Municipal Auditorium and the LHD property, adjacently located, was ideal for additional parking. The trial court ruled in favor of the City. LHD now appeals.

LAW AND DISCUSSION
At the outset, we note that LHD does not challenge the City's substantive right to expropriate. Instead, LHD challenges the initial dismissal without prejudice the trial court signed in 2006. LHD argues that the proper procedure for expropriation was not followed as set forth in La. R.S. 19:106. Louisiana R.S. 19:106 states, in part:
Upon the institution of a suit for expropriation, the trial court shall issue an order fixing the time of the trial of the suit. The clerk of court shall thereupon certify a copy of the plaintiff's petition and of the order and issue a notice to the defendant of the time fixed for the trial. The time fixed for trial shall in no event be more than sixty days after the petition is filed. In the event of a subsequent continuance for any cause, the court shall refix the trial date not more *420 than thirty days after the granting of the continuance.
The notice issued by the clerk of court, together with a certified copy of the plaintiff's petition and of the order shall be served on the defendant at least thirty days before the time fixed for the trial of the suit.
LHD argues that the original petition and notice were facially flawed and statutorily invalid because the date set for trial, November 14, 2006, was more than 60 days subsequent to the filing date of the petition, August 9, 2006. Specifically, LHD suggests that expropriation must be accomplished within the "prescriptive" time frame per La. R.S. 19:106 and failing to do so divests the trial court's jurisdiction over the entire matter. By extension, LHD asks this court to vacate the latter judgment of expropriation entered on October 10, 2007, and amend the original dismissal on November 21, 2006, to reflect a dismissal with prejudice.

Prescription
LHD's interpretation of La. R.S. 19:106 is misguided. While it is evident that the procedure set forth in the relevant statute expedites the process for an expropriation trial, there is nothing that prevents the parties from agreeing to a trial date. The legislature could have provided a prescriptive time frame in which to bring an action with consequences for failing to do so; however, it did the contrary and allowed for some flexibility. In fact, the statute states that an expropriation case be fixed for trial within 60 days, not that the trial be completed in 60 days. In addition, the statute anticipates and allows for a continuance should the need arise, and which LHD took advantage of in the 2007 suit. This goes against the strict interpretation LHD asks us to implement with respect to prescription.
The record indicates that, initially, LHD tried to avoid service. Once service was made, the City tried to cooperate with LHD to set the 2006 trial date. LHD, after deliberately choosing a trial date after the 60 days, cannot now shift the blame to the trial court for obliging.[1] The trial court maintained its jurisdiction over the 2006 action, and the dismissal without prejudice is valid.

Dismissal without Prejudice
Louisiana C.C.P. art. 1673 clearly states, in part, that a "judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action." In other words, a dismissal without prejudice "restores matters to the status occupied before the suit was instituted and leaves the party free to again come into court with his complaint" Neal v. Hall, 28 So.2d 131, 133 (La.App. 2d Cir.1946). Here, the status quo remained that the City was still in need of parking and acted on the Resolution as if the 2006 action never occurred.
In a similar expropriation case New Orleans Redevelopment Authority v. Stroughter, XXXX-XXXX (La.App. 4th Cir.12/17/03), 861 So.2d 940, writ denied, XXXX-XXXX (La.04/02/04), 869 So.2d 888, the landowner asserted that the dismissal action should be with prejudice. However, affirming the trial judge, the appellate court made it clear that a dismissal without prejudice in an expropriation proceeding is appropriate and within the discretion of the trial judge. The Stroughter court stated that to "dismiss [a] suit with prejudice would terminate forever the right of *421 the plaintiff political subdivision to exercise its statutory right to expropriate the property." Id., at 944. We find that granting the voluntary dismissal without prejudice in the 2006 action was appropriate.

Shreveport City Council's Resolution
In its last argument, LHD suggests that the City needed to pass another resolution in order to resubmit a petition to expropriate LHD's land. The City possesses broad powers including the right to expropriate for a public purpose. See City of New Orleans v. Crawford, 9 So.2d 82 (La.App.Orl.1942). Here, the City was still in need of parking. The Shreveport City Council's Resolution did not create a time frame in which expropriation must occur or the authorization would be revoked. In fact, the Resolution seems to allow for the Council's continued authority should there be an impediment:
BE IT FURTHER RESOLVED, that if any provision or item of this resolution or the application thereof is held invalid, such invalidity shall not affect other provisions, items or applications of this resolution which can be given effect without the invalid provisions, items, or applications and to this end, the provisions of this resolution are hereby declared severable.
After a thorough review of the record, we find that the dismissal without prejudice did not extinguish the Resolution, nor the City's right to reassert an expropriation action. Therefore, the City was not procedurally barred from bringing the 2007 suit the merits of which have been adjudicated.
Of notable interest is that LHD first raised its procedural complaint during the hearing on the exceptions during the 2007 trial. At the hearing, the trial court noted, and LHD agreed, that no objection was ever raised when the motion to dismiss without prejudice was signed in 2006. We find this dispositive. We also find dispositive that LHD did not object to the ruling on the exceptions during the hearing. LHD failed to preserve any other claims with respect to the expropriation procedure. Since we find prescription is not applicable, LHD's argument is without merit.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed in all respects. Costs of this appeal are to be borne by Louisiana Hayride Development Company, LLC.
AFFIRMED.
NOTES
[1] As a side note, we also fail to see the logic in divesting the original jurisdiction of the entire matter from the trial court, yet retain just enough to amend the dismissal to reflect prejudice as LHD requests.